TRUST COMPANY OF AMERICA, as Committee of ALPHONSE J. STEPHANI, Respondent, *v.* THE STATE SAFE DEPOSIT COMPANY, Appellant.

1. INSANE — APPOINTMENT OF COMMITTEE FOR INSANE LIFE CONVICT. Under the provisions of chapter 401 of the Laws of 1889 the Supreme Court has jurisdiction, upon the application of the persons mentioned therein, to entertain proceedings and direct the appointment of a committee of the estate of a life convict, although the convict before the commencement of the proceedings had become insane and had been transferred to a state hospital for insane convicts; the statute was intended to embrace all cases in which a judgment of life imprisonment had been pronounced, whether the convict should thereafter become insane or not and was not repealed by the enactment in 1895 of section 2323a of the Code of Civil Procedure, providing for the appointment of a committee upon the application of a state officer having special jurisdiction over the institution or by the superintendent thereof, " where an incompetent person has been committed to a state institution in any manner provided by law and is an inmate thereof."

2. APPOINTMENT OF COMMITTEE CANNOT BE ATTACKED COLLATERALLY IN ACTION TO RECOVER CONVICT'S ESTATE. Objections that the petition for the appointment of the committee failed to state the age of the petitioner or of any other parties, or whether they or any of them were incompetent cannot be raised by demurrer in an action by the committee to recover the convict's estate, the proceedings having been in a court of general jurisdiction and therefore are not open to a collateral attack in such an action.

*Trust Co. of America* v. *State Safe Deposit Co.*, 109 App. Div. 665, affirmed.

(Argued December 7, 1906; decided January 15, 1907.)

APPEAL from a final judgment entered February 16, 1906, upon an order of the Appellate Division of the Supreme Court in the first judicial department which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The action was brought by the Trust Company of America as committee of the estate of Alphonse J. Stephani, a convicted person sentenced to the state prison for life, to recover from the defendant certain stocks, bonds, cash and other per-

sonal property belonging to said life convict and alleged to have been deposited by him in a safe deposit box in the vaults of the defendant corporation. The complaint alleged the appointment of the plaintiff as committee of the estate of the said Alphose J. Stephani under provisions of chapter 401 of the Laws of 1889. The defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and upon the further ground that the plaintiff did not have legal capacity to sue, for the reason that it did not appear that the plaintiff was ever legally appointed committee of the property of Alphonse J. Stephani, the life convict aforesaid. Upon the trial of the demurrer an interlocutory judgment was rendered in favor of the plaintiff, giving leave, however, to the defendant to withdraw the demurrer and answer within twenty days upon payment of costs, and providing for the entry of final judgment in favor of the plaintiff in case of a failure to avail itself of such leave.

The interlocutory judgment was affirmed upon appeal to the Appellate Division. The defendant failed to interpose any answer, and final judgment was thereupon rendered against the defendant, from which final judgment the present appeal was taken.

*George A. Strong* for appellant. The application for the appointment should have been made under section 2323a of the Code of Civil Procedure. (*Tonnele* v. *Hall,* 4 N. Y. 140; *Reno* v. *Pinder,* 20 N. Y. 298; *People* v. *N. Y., etc., Ry. Co.,* 84 N. Y. 565; *People ex rel.* v. *Spicer,* 99 N. Y. 225; *Matter of Tilyou,* 57 App. Div. 101; *Heckman* v. *Pinkney,* 81 N. Y. 211; *People* v. *G., etc., Co.,* 98 N. Y. 67; *Woods* v. *Bd. of Suprs.,* 136 N. Y. 403; *Stack* v. *City of Brooklyn,* 150 N. Y. 335; *L. S., etc., Ry. Co.* v. *Roach,* 80 N. Y. 339; *Fire Dept.* v. *A., etc., Co.,* 106 N. Y. 566; *Delafield* v. *Brady,* 108 N. Y. 524.) Even under chapter 410 of the Laws of 1889 the appointment of the committee was illegal and void for the reason that the provisions of this statute were in no way observed. There are radical defects in the procedure.

(*Matter of Henderson*, 157 N. Y. 423; *Matter of Stephani*, 75 Hun, 188; *Roberts* v. *S. S. D. Co.*, 123 N. Y. 57.)

*Carl A. Hansmann·* for respondent. The appointment was made under the proper statute. (*Matter of Walker*, 57 App. Div. 1; *Matter of Russell*, 1 Barb. Ch. 38; *Avery* v. *Everett*, 110 N. Y. 317; *Matter of Williams*, 24 App. Div. 247; *Matter of Blewitt*, 131 N. Y. 546.) Chapter 401, Laws of 1889, was the proper statute under which to proceed for the appointment of a committee. (*Avery* v. *Everett*, 110 N. Y. 317; *Steinhardt* v. *Baker*, 163 N. Y. 410.) The proceedings resulting in the order appointing the committee were in all respects regular and valid. (*Matter of Henderson*, 157 N. Y. 423; *McAndrew* v. *Radway*, 34 N. Y. 511; *Jones* v. *Jones*, 137 N. Y. 613; *Wheeler* v. *Scully*, 50 N. Y. 667; *Gardner* v. *Gardner*, 22 Wend. 526; *Delafield* v. *Parish*, 25 N. Y. 9; *Matter of Bischoff*, 80 App. Div. 386; *Matter of Blewitt*, 131 N. Y. 546; *People* v. *Liscomb*, 60 N. Y. 559; *Ferguson* v. *Crawford*, 86 N. Y. 609.)

Willard Bartlett, J.   The special proceeding which resulted in the appointment of the plaintiff corporation as committee of the estate of Alphonse J. Stephani, a life convict, was instituted and carried to a conclusion under chapter 401 of the Laws of 1889, which is entitled "An act to provide for the care and custody of the estates of persons when sentenced to State prison for life."

The question raised by the demurrer to the complaint, and which we are required to determine upon this appeal, is whether the Supreme Court in New York county, which made the final order appointing the committee, had jurisdiction to entertain the proceeding and make such order under the circumstances set out in the complaint, pursuant to the provisions of the statute cited. In behalf of the appellant it is asserted that the Supreme Court had no such jurisdiction, and that the respondent's appointment as committee should have been made under title VI of chapter 17 of the Code of

Civil Procedure, and particularly under section 2323a in that title. This proposition is based upon the fact that Stephani, after he had served about twelve years of his life sentence in the state prison at Sing Sing, had been transferred to the Dannemora State Hospital for Insane Convicts, under the provisions of chapter 520 of the Laws of 1899, and that he was in said hospital when the special proceeding was instituted for the appointment of the plaintiff as committee of his estate.

Copies of all the papers in that special proceeding are annexed to and form a part of the complaint in the present action. Those papers show a substantial compliance with all the requirements of the act of 1889 relative to the care and custody of the estates of persons sentenced to state prison for life. The act provides that whenever any convict has been sentenced to imprisonment in this state for life, the husband, wife, relatives, next of kin, or any creditor of such person, may apply for the appointment of a committee of his estate, both real and personal, at a Special Term of the Supreme Court held in the judicial district in which the person resided at the time of his conviction. This application was made at a Special Term of the Supreme Court held in the county of New York, where Alphonse J. Stephani, the life convict, resided at the time of his conviction; and the applicant was Charles J. Stephani, an uncle of the life convict. The application must be made upon personal notice of not less than twenty days to the convict and to the district attorney of the county in which the conviction took place. The notice thus required to be given was properly proved by an affidavit of due and timely service. Notice must also be given "to such other persons as would be entitled to notice of application for the probate of the will of such convicted person if he were then dead leaving a will of real and personal property, to be given in like manner as notice of application for such probate." The petition set out the names and residences of all the next of kin and heirs at law of the life convict. In addition to the petition the papers attached to the complaint contained notices of appearance in behalf of each of these per-

sons with one exception, waivers of the issuance and service of any citation or other notice of the application and consents that the prayer of the petition be granted. This exception is Marie Hill, who is described in the petition as an aunt of the life convict residing at 3 Lindenstraase, Frankfort, Germany. The order to show cause granted upon the petition provided for service upon her by publication or, at the option of the petitioner, by serving a copy of the order and petition upon Marie Hill personally and also directed the deposit of a copy of the papers in the post office in the city of New York addressed to the lady at her German residence, as above specified, in Frankfort. Proof of personal service in accordance with this alternative provision of the order is furnished by the affidavit of a resident of that city. Upon such application as was embodied in this petition and due proof of the service of the notice prescribed, the act of 1889 empowers the Supreme Court to appoint a committee of the estate of the convicted person. This power was exercised by the appointment of the respondent corporation. The order of appointment contains various additional provisions permitted by the statute in regard to the payment of the debts of the life convict and the application of a portion of the income for his benefit to supply him from time to time with such necessaries of life as may be required for his comfort and not inconsistent with the regulations of the state prison authorities.

Were it not for the transfer of the convict from the state prison at Sing Sing to the Dannemora Hospital for Insane Convicts it is scarcely possible that any question could arise as to the applicability of the act of 1889 to the circumstances here presented. Indeed, nowhere else in our statutes does there appear to be any express provision of law for the appointment of a committee of the property of a life convict. It is insisted, however, that these provisions do not apply to the case of such a convict who has become insane ; and that if they ever did apply to such a case they were repealed by implication by the enactment of section 2323a of the Code of Civil Procedure, which was added to the Code in 1895. Special reliance is

placed by the learned counsel for the appellant upon the language at the beginning of that section which allows the petition for the appointment of a committee to be presented on behalf of the state by a state officer having special jurisdiction over the institution or by the superintendent thereof "where an incompetent person has been committed to a state institution in any manner provided by law and is, an inmate thereof." It is argued that Alphonse J. Stephani is an incompetent person and that the Dannemora Hospital for Insane Convicts is a state institution to which he has been committed in a manner provided by law; and hence that this case falls precisely within the terms as well as the spirit of the statute which should be regarded as having effected a repeal of the act of 1889 as to those cases in which a person sentenced to imprisonment for life has become insane after his incarceration began. There are several valid answers to this argument. Section 2323a of the Code was added to title VI in 1895 together with another new section (2336a) to establish a scheme whereby steps might be taken at the instance of the officers having charge of the various state hospitals for the insane to reimburse such institutions for their expenditures for the support of insane patients who had no relatives or friends liable or willing to contribute to their support, but where the patient was the owner of property which ought to be used to defray such expenditures. In most of the cases contemplated by these sections there would be an express adjudication of mental incompetency before the patient was committed to the institution; and, therefore, the section omits any provision for such an adjudication and empowers the court to appoint a committee, if satisfied of the truth of the facts required to be stated in the petition, immediately and without taking any further proof. So in section 2336a it is provided that sections 2325 to 2336, both inclusive, in the same title, "shall not apply to applications for the appointment of a committee made by it on behalf of the State to secure reimbursement, in whole or in part, for maintenance and support in a State institution." In neither of these sec-

tions which were added in 1895 is there a word about life convicts nor anything to indicate that the legislature could have supposed that it was dealing with the subject-matter involved in the act of 1889, to wit, the sequestration, custody and administration of the property of persons who had been sentenced to imprisonment for life and were, therefore, deemed to be civilly dead.   (Penal Code, § 708.)

On the other hand, a careful consideration of the provisions of the act of 1889 makes it tolerably clear that that statute was intended to embrace all cases in which a judgment of life imprisonment had been pronounced whether the convict should thereafter become insane or not.   No good reason is apparent nor has any been suggested why its provisions are not just as adequate to furnish proper protection to the interests of an insane convict as to those of one who continued to be mentally competent.   The measure is framed with extreme care in respect to the requirement of notice not only to the owner of the estate but to every one who can possibly have any interest therein.   There is ample provision for the fullest judicial inquiry as a basis for the adjudication to be embodied in the final order.   The court is authorized to control the committee in the performance of its duties so as to promote the benefit of the estate and acting upon such authority in this very case it expressly empowered the respondent to apply a portion of the income, if it saw fit to do so, to the purchase of such necessaries of life as might conduce to the comfort of the prisoner.   Indeed the spirit of this statute seems precisely the same as the principle which has often been said to underlie all proper legislation with reference to the insane — that is to say, a beneficial purpose on the part of the state to take the best possible care of their property.

I am unable, therefore, to find anything in the Code amendments of 1895 (Code Civ. Pro. § 2323a and § 2336a) which operates as a repeal of chapter 401 of the Laws of 1889, concerning the estates of prisoners sentenced to imprisonment for life.   There is no conflict between the enactments and I am clearly of opinion that the proceeding which resulted in the

appointment of the respondent was properly instituted under the earlier statute. It seems to me that the most that can be conceded in the direction of the argument for the appellant is that the law offers a choice of two methods of procedure under such circumstances as were presented in the case of this life convict; and perhaps a proceeding undertaken and carried to a final order under the Code provisions would have resulted in just as valid and effective an appointment of a committee as the proceeding which was had under the act of 1889. It is sufficient, however, for the maintenance of the title of the respondent here to hold that the Supreme Court had jurisdiction to make an appointment of a committee under the statute by virtue of which it assumed to act.

One further objection on the part of the appellant requires notice. The final order appointing a committee was made upon the proof of service, waiver and appearances already mentioned and upon the failure of any of the parties to oppose the application. It is contended that even if the proceeding was properly instituted under chapter 401 of the Laws of 1889 there was no jurisdiction to appoint the committee, because the petition failed to state the age of the petitioner or of any other parties, or whether they or any of them were incompetent. While these and other objections of a like character might have been available in the special proceeding itself, and in behalf of the parties whose interests were affected thereby to defeat the application for the appointment of the committee, they are not open to collateral attack in this action through the agency of a demurrer. The proceeding was in a court of general jurisdiction. "Hence, though the existence of any jurisdictional fact may not be affirmed upon the record, it will be presumed, upon a collateral attack, that the court, if of general jurisdiction, has acted correctly and with due authority, and its judgment is as valid as though every fact necessary to jurisdiction affirmatively appeared." (*Gridley* v. *College of St. Francis Xavier*, 137 N. Y. 327.) This was held with reference to a proceeding in the old Court of Common Pleas of the city and county of New York insti-

tuted for the purpose of having a person declared incompe-
tent to take care of herself and her property on the ground
of idiocy.

I think that this case was correctly determined in the
courts below and that the judgment should be affirmed, with
costs.

CULLEN, Ch., J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT,
VANN and CHASE, JJ., concur.

Judgment affirmed.