In the Matter of Fred Olson, an Incompetent Person.

Supreme Court, Special Term, Chautauqua County, January 7, 1953.

*Nathaniel L. Goldstein, Attorney-General (Margaret D. Hazel of counsel), for Medical Director of Gowanda State Hospital, petitioner.*

*Clarence G. Pickard for Thelma O. Johnson, respondent.*

VANDERMEULEN, J. This is a proceeding brought by the Medical Director of the Gowanda State Hospital, under the provisions of section 1374 of the Civil Practice Act for the appointment of a committee of the person and property of Fred Olson, an incompetent inmate of that hospital. The requirements of that section have been followed. The opposing affidavit of Thelma Olson Johnson, one of the next of kin of the incompetent, does not controvert the allegations of the petition.

It appears that Fred Olson was, on April 25, 1932, sentenced by the Chautauqua County Court after conviction of the crime of murder in the second degree, to imprisonment in the Auburn State Prison for an indeterminate term of not less than twenty years and not more than his natural life, which sentence has

not been reversed or vacated. He was thereafter released from prison on parole, and while on parole, was committed to the Gowanda State Hospital on July 15, 1952. He has three children other than those named in the petition who reside outside the State of New York.

It is respondent's claim that this court does not, under the circumstances recited in the affidavit, have jurisdiction of this proceeding. Her further contention is that article 13 of the Correction Law provides the only proper proceeding for the relief sought by the petitioner. Under the Correction Law, application can be made to the Supreme Court for the appointment of a committee for a convict's estate after notice to him and to the District Attorney of the county in which the conviction was had and to the persons who would be entitled to notice of application for the probate of the convict's will. This would include service of notice on the next of kin residing outside of the State of New York. In a proceeding brought under section 1374 of the Civil Practice Act, it is not necessary to serve the next of kin living outside of New York State nor the District Attorney.

It is true that a convict on parole is still " in the custody of the State " (18 C. J. S., Convicts, § 9) and the parole does not constitute a remission of his maximum term or restore him to his civil rights (*Brookman* v. *Brookman,* 161 Misc. 741 [1937]).

Sections 320 and 321 of the Correction Law make no mention of a convict who has been judicially declared insane; although it can be assumed that if the convict was insane and still confined in prison the sections would apply. Here is a case where Olson was under the control of the parole board and for the time being not under the control of the Auburn Prison authority. True, he was still civilly dead, but that did not deprive him of the right to convey property. (See *Avery* v. *Everett,* 110 N. Y. 317.)

In *Trust Co. of America* v. *State Deposit Co.* (187 N. Y. 178) one Alphonse J. Stephani, while serving a life sentence in the State prison at Sing Sing, became insane and was sent to the hospital at Dannemora for insane convicts. Under chapter 401 of the Laws of 1889, an application was made for the appointment of a committee. The procedure under that law was practically the same as section 321 of the Correction Law. The question arose as to whether or not the Supreme Court which made the final order appointing the committee had jurisdiction to entertain the proceeding. It was asserted that the appointment should be made under section 2323-a of the Code of Civil

Procedure. That section, insofar as notice to various persons is concerned, was practically the same as section 1374 of the Civil Practice Act.

In the opinion, the court made this significant statement, at page 185: " It seems to me that the most that can be conceded in the direction of the argument for the appellant is that the law offers a choice of two methods of procedure under such circumstances as were presented in the case of this life convict; and perhaps a proceeding undertaken and carried to a final order under the Code provisions would have resulted in just as valid and effective an appointment of a committee as the proceeding which was had under the act of 1889. It is sufficient, however, for the maintenance of the title of the respondent here to hold that the Supreme Court had jurisdiction to make an appointment of a committee under the statute by virtue of which it assumed to act.''

I quote the above, not as an absolute authority for the decision herein, but as an indication of the view of the court in a matter in which the convict was still under the control of the prison authority. In the instant matter, as hereinbefore pointed out, the insane person was not under the control of the prison authority, but under the control of the parole board.

It appears to me that the main purpose of sections 320 and 321 of the Correction Law is for the protection of the convict's property while he is incarcerated. Insofar as the situation of a convict is concerned, with respect to his property, he is under more or less of a handicap, especially with regard to any real property he may own. Such protection under article 13 is not necessary while he is on parole. In my judgment, so far as a convict's property is concerned, in the event of his becoming insane while on parole, he is in no different status than any other person who becomes insane. Consequently a valid proceeding can be instituted under section 1374 of the Civil Practice Act, and, in the event of a sale of the real property no question could be validly raised as to the title of the property conveyed by a committee appointed under this section if all of the requirements are fulfilled, as they apparently are, in the instant case.

Submit order for the appointment of a committee for the person and property of Fred Olson, an incompetent person, now an inmate of the Gowanda State Hospital at Helmuth, New York.