(82 Misc. Rep. 667.)

### GARGAN v. SCULLEY.

(Supreme Court, Special Term, Kings County. November 19, 1913.)

1. MARRIAGE (§ 11*)—DISSOLUTION—LIFE IMPRISONMENT OF SPOUSE.

Penal Law (Consol. Laws 1909, c. 40) § 511, provides that one sentenced to imprisonment for life is deemed civilly dead, and Domestic Relation Law (Consol. Laws 1909, c. 14) § 6, makes a marriage contracted by one whose spouse by a former marriage is living absolutely void unless such former husband or wife "has been finally sentenced to imprisonment for life," and section 58 provides that the pardon of the persons so sentenced "does not restore that person to the rights of a previous marriage." Held, that since, under Prison Law (Consol. Laws 1909, c. 43) §§ 212, 214, 215, as amended by Laws 1910, c. 703, and section 218, as amended by Laws 1912, c. 286, the release on parol, as well as the absolute discharge, of one given an indeterminate sentence, depends upon the judgment of the members of the parol board as to the reasonable probability as to the prisoner's subsequent life and conduct, a husband convicted of second degree murder and given an indeterminate sentence, the maximum period of which was for his natural life, and the minimum period for 20 years, was civilly dead, so that his wife could again marry.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 30; Dec. Dig. § 11.*]

2. MARRIAGE (§ 11*)—QUALIFICATION OF PARTIES—SENTENCE TO LIFE IMPRISONMENT—"FINALLY."

The word "finally," as used in Domestic Relation Law (Consol. Laws 1909, c. 14) § 6, making absolutely void a marriage which is contracted by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

one whose spouse is living unless such former spouse has been finally sentenced to life imprisonment, relates to the finality of the judgment imposing the sentence.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 30; Dec. Dig. § 11.*]

Application of Margaret M. Gargan for a writ of mandamus against Joseph V. Sculley, individually and as Deputy City Clerk of the City of New York. Application granted.

Frank L. Tyson, of Brooklyn, for relator.

Archibald R. Watson, Corp. Counsel, of New York City (James D. Bell and Charles J. Druhan, both of Brooklyn, of counsel), for defendant.

MADDOX, J. Application for a peremptory writ of mandamus commanding respondent, as deputy city clerk, etc., having charge of the marriage license bureau in Brooklyn, to issue to relator and one Weisheimer a marriage license. The respondent submits no answering papers. Relator and one John C. Gargan intermarried on March 9, 1909. He was, about May 11, 1910, after a trial and the verdict of a jury, convicted of murder in the second degree, having killed relator's father, and an indeterminate sentence was on that day imposed upon him, the maximum period of which was his natural life and the minimum term thereof 20 years, as provided by the Penal Law (Consol. Laws 1909, c. 40) § 1048. He is still living.

A prisoner confined in a state prison may, at the expiration of the minimum term of his sentence, apply to the parole board for his release on parole, or for an absolute discharge from imprisonment (Prison Law [Consol. Laws 1909, c. 43] as amended by chapter 703, Laws 1910, § 212), and such release may be authorized if it shall appear to the parole board "that there is reasonable probability that such applicant will live and remain at liberty without violating the law," but upon such terms and conditions as the board shall prescribe, remaining however "in the legal custody and under the control of" the prison officers while on such parole (Id. § 214). He is subject to summary arrest upon warrant and to reconfinement in said prison if said prison officers, or any of them, "shall have reasonable cause to believe that 'he' has violated his parole and has lapsed or is probably about to lapse into criminal ways and company." Id. § 215. An absolute discharge shall issue only to a prisoner at liberty on parole, and then, only if "it shall appear to said board of parole that there is reasonable probability * * * that any prisoner * * * will live and remain at liberty without violating the law, and that his absolute discharge from imprisonment is not incompatible with the welfare of society." Id. § 218, as amended by chapter 286, Laws 1912.

Consequently, a release on parole, and, as well, an absolute discharge, are not matters of right; they depend upon the judgment of the members of the parole board as to the then reasonable probability of the prisoner's subsequent life and conduct if at liberty.

Thus it is plain that the minimum term of an indeterminate sentence

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is not the definite term of sentence, and cannot be, since before an absolute discharge from imprisonment may be granted the prisoner must be at liberty on parole, which will, of necessity, be indefinite as to time.

As said by Mr. Justice Keogh in People, etc., v. Warden, 39 Misc. Rep. 113, 116, 78 N. Y. Supp. 907, in discussing the constitutionality and effect of an indeterminate sentence under the act of 1889 (Laws 1889, c. 382), "the sentence imposed under the statute must be regarded as a definite sentence for its maximum term."

[1] The relator and Weisheimer applied to the respondent for a marriage license. They presented the usual form of affidavit used for that purpose and also an affidavit by relator setting forth the fact of such conviction and sentence, together with a certified copy thereof. The application was refused, upon the sole ground, as stated by the assistant corporation counsel on the argument, that relator had a husband living and that the marital relation still continued undissolved and unimpaired by reason of said sentence; it was also contended by him that the minimum term of said sentence was the definite term thereof.

By the provisions of the Penal Law "a person sentenced to imprisonment for life is thereafter deemed civilly dead" (section 511), and by the Domestic Relation Law (Consol. Laws 1909, c. 14) it is provided that "a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless either: (1) * * * (2) Such former husband or wife has been finally sentenced to imprisonment for life; (3) * * *" Section 6.

[2] The conviction and sentence constitute the judgment in a criminal cause, and the word "finally," as used in the section last quoted, relates to the finality of the judgment imposing the sentence. Here, the sentence was the final act and proceeding in the criminal cause; there is no suggestion of any subsequent proceeding, by way of review on appeal or otherwise, in the case, and it follows Gargan was "finally sentenced."

A release upon parole under the statute is a matter of mercy and of favor. Under certain conditions the prisoner is permitted his liberty, but upon certain terms, and he is subject, for violation of law or of his parole, to summary arrest upon warrant and reconfinement under the original conviction and sentence. It is not a remission of the maximum term of his sentence.

An absolute discharge from imprisonment is in effect a release only from confinement, legal custody, and control, for the remainder of the maximum term of the sentence; that is not a pardon, which under our present law can only be granted and issued by the Governor.

It will be seen that a person sentenced to life imprisonment is thereafter deemed to be civilly dead; if he be civilly dead, that ipso facto dissolves the marital relation if the innocent spouse so elects; the innocent spouse has no right of action to dissolve the marriage because of such sentence, but, by the statute, her subsequent marriage during the life of the spouse who has been so sentenced is permissible and would not be void, nor is it voidable.

The pardon of the person so sentenced "does not restore that person to the rights of a previous marriage * * *" (Domestic Relation

Law, § 58), and the statutory discharge from imprisonment of a person so sentenced cannot restore the person thus discharged to his former marital rights.

Motion granted. Settle order on notice, when application for a stay pending appeal may be made if the corporation counsel shall desire to review the order to be entered hereon.