WESTCHESTER MORTGAGE COMPANY, Appellant and Respondent, *v.* GRAND RAPIDS AND IONIA RAILROAD COMPANY et al., Defendants.

JOHN A. VAN RENSSELAER, Appellant and Respondent; MARIAN R. KENNEDY et al., as Executors of HENRY V. R. KENNEDY, Deceased, et al., Respondents.

Contract — loan — usury — declaratory judgments — parties may properly make loan contract so that laws of foreign State will govern its construction and effect — no inference of intent to evade our statute of usury — declaratory judgment determining action which conscience of court of equity of foreign State should dictate, improper.

1. Where the essential provisions of a loan contract were to be performed in another State and enforced, if necessary, by appeal to the courts of that State, the parties might make their contract with such reference to the laws of that State that the latter will govern its construction and effect. Even if the terms of the loan had been agreed upon here before the written instruments were actually signed and delivered, no conclusive inference may be drawn that the intent to have the law of the foreign State govern the validity and effect of the contract was merely an intent to evade our statute of usury.

2. In an action to obtain a declaratory judgment that the plaintiff has a prior and paramount lien upon the interest of one of the defendants in a trust fund in a foreign State, with interest at ten per cent per annum, compounded quarterly, a conclusion that the validity of the note must be determined by the laws of the State where it was made was proper. It was error, however, for the Appellate Division to make a further declaration as to the extent to which the rights of the plaintiffs may be enforced in the foreign State. Assuming that the courts of this State have the power to declare rights arising under a foreign law and enforcible only by the courts of a foreign jurisdiction, it was error to exercise that power for the purpose of determining in advance the action which the conscience of a court of equity of that State should dictate it to take when appeal is made thereto.

*Westchester Mortgage Co.* v. *Grand Rapids & Ionia R. R. Co.*, 219 App. Div. 733, modified.

(Argued June 9, 1927; decided July 20, 1927.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 17, 1927, modifying and affirming as modified a judgment entered upon a decision of the court on trial at Special Term.

*Jonathan Holden* and *Alphonse V. Brisson* for plaintiff, appellant and respondent. It was unnecessary and improper for the Supreme Court of New York to make a determination of the manner in which the interest should be computed. (*New York Life Ins. Co.* v. *Head,* 234 U. S. 149; *Matter of Harriman,* 124 Misc. Rep. 320.) The place where the contract had its inception and became legally binding was in Rhode Island. (*Fatta* v. *Egerton,* 157 App. Div. 852; *Sheldon* v. *Haxtun,* 91 N. Y. 124; *Huber* v. *D'Esterre,* 180 App. Div. 220; *Pierce* v. *Flagens,* 39 Fed. Rep. 587; *Hallenback* v. *Fleming,* 6 Hill, 303.) The making of the loan in or with reference to the laws of Rhode Island was not an evasion of the laws of New York. (*Andrews* v. *Hoxie,* 5 Tex. 171; *Andrews* v. *Pond,* 13 Pet. 65; *Sheldon* v. *Haxtun,* 91 N. Y. 124; *Berrien* v. *Wright,* 26 Barb. 208; *Vermont Loan & Trust Co.* v. *Dygert,* 89 Fed. Rep. 123.)

*Aaron H. Marx* and *Walter E. Godfrey* for defendant, appellant and respondent. The transaction is governed by the law of New York, even if the papers were signed in Rhode Island. (*Hooley* v. *Talcott,* 129 App. Div. 233; *Smith* v. *Dixon,* 150 App. Div. 571; *Hosford* v. *Nichols,* 1 Paige, 220; *Western T. & C. Co.* v. *Kilderhouse,* 87 N. Y. 430; *Bank of Georgia* v. *Lewin,* 45 Barb. 340; *Tilden* v. *Blair,* 88 U. S. 241; *Dolman* v. *Cook,* 14 N. J. Eq. 56; *Hanricks* v. *Andrews,* 9 Port. 9; *Man. Life Ins. Co.* v. *Johnson,* 188 N. Y. 108.) The note was made payable in Rhode Island for the mere purpose of avoiding the usury laws of New York. Such intent will not be tolerated. (*Austin* v. *Walker,* 45 Iowa, 527; *Hall* v. *Eagle Ins. Co.,*

150 App. Div. 815; 211 N. Y. 507; *Hartley* v. *Eagle Ins. Co.*, 222 N. Y. 185; *Wilkie* v. *Roosevelt*, 2 Johns. Cas. 207; *Manhattan Life Ins. Co.* v. *Johnson*, 188 N. Y. 108; *Hosford* v. *Nichols*, 1 Paige, 220; *Bank of Georgia* v. *Lewin*, 45 Barb. 340; *Dolman* v. *Cook,* 14 N. J. Eq. 56; *Andrews* v. *Hoxie*, 5 Tex. 171; *Andrews* v. *Pond,*. 13 Pet. 65; *Berrien* v. *Wright*, 26 Barb. 208; *Vermont Loan & Trust Co.* v. *Dygert*, 89 Fed. Rep. 123; *Sheldon* v. *Haxtun*, 91 N. Y. 124.) It was proper and necessary for the courts below to determine every right of the parties to the action. (*Paine* v. *Schenectady Ins. Co.*, 11 R. I. 411.)

*Herbert Barry* and *Henry W. Proffitt* for Marian R. Kennedy et al., as executors, et al., respondents.

*Charles Rush* for Florence H. Hurd et al., as executors of George B. Hurd, deceased, respondent.

LEHMAN, J. In May, 1906, John A. Van Rensselaer executed and delivered to James J. Phelan a note payable at Newport Trust Company, Newport, R. I., one year after date for the sum of fourteen thousand dollars, "with interest thereon at the rate of ten per cent per annum, payable quarterly, in advance, until said principal sum is paid whether at or after maturity, all installments to bear interest at the rate aforesaid until paid." As collateral security for the payment of the note Van Rensselaer assigned to the payee his interest in a trust fund established under the fifth c`ause of the will of Frances M. Hoyt, deceased. Under the terms of that will Van Rensselaer was entitled to the principal of that fund upon the death of his mother. Other assignments of his interest in this property have been made thereafter by the defendant Van Rensselaer to secure indebtedness to other persons. The principal of the note has never been paid, and no interest has been paid since September, 1907. It

has been assigned to, and is in the possession of, the plaintiff. The plaintiff has brought this action in which it asks for a declaratory judgment that it has a prior and paramount lien upon the defendant Van Rensselaer's interest in the property in the trust fund for the sum of fourteen thousand dollars with interest at ten per cent since September 1, 1907, compounded quarterly in accordance with the terms of the note made by Van Rensselaer. The plaintiff in its complaint also prayed for judgment of foreclosure of its alleged lien upon this property, but at the trial withdrew the prayer for such relief.

All parties who might have any claim to the note or to the interest of Van Rensselaer in the property, transferred as collateral security for the notes, were made parties defendants. In their answers the defendants also asked for a declaration of their rights in accordance with claims they set forth. Upon this appeal we need consider only the issues raised by the defendant Van Rensselaer who asked for a declaration that the note and assignment are usurious and void and that any cause of action based on either of them is barred by the Statute of Limitations, under the laws both of New York and Rhode Island.

After a trial of the issues, a judgment was rendered at Special Term declaring that the note is owned by the plaintiff but that it is usurious and void. Unquestionably the note is usurious if it was made in the State of New York, and is governed by the laws of this State. The Appellate Division has made findings and conclusions to the effect that the note was made and delivered in Rhode Island, and its validity must be determined by the laws of that State. It also found that " it is the law of Rhode Island that the legal rate of interest is six per cent, but any rate may be agreed upon, except the rate be unconscionable, in which case the agreement is unenforceable and will not be upheld except to the extent of enforcing the payment of the principal of the note in question with 6% simple interest thereon."

The court thereupon adjudged that the promissory note and assignment executed by the defendant Van Rensselaer is a " good, valid and existing lien against the trust established by the fifth clause of the Will of Frances M. Hoyt, deceased, to the extent of $14,000 with interest at the rate of 6% per annum." The defendant Van Rensselaer appeals from the decision that the note is not usurious and void. The plaintiff appeals from the decision that the note cannot be enforced according to its tenor, for the full amount of principal and stipulated interest.

The parties to the original loan have given unmistakable evidence that it was their intention that the transaction should be governed by the law of Rhode Island. All the instruments that passed between the parties were drawn by a Rhode Island lawyer. The note was dated in Newport. Before any moneys were paid to Van Rensselaer he made an affidavit before a notary public in Rhode Island, who also witnessed his signature to the assignment. The borrower received the proceeds of the note in the form of a check drawn on a Rhode Island bank and the note was payable in Rhode Island. The property assigned to the lender as collateral security was situated in Rhode Island and subject to the laws of that State, and the jurisdiction of its courts. Since the essential provisions of the contract were to be performed in Rhode Island and enforced, if necessary, by appeal to the courts of that State, the parties might make their contract with such reference to the laws of that State that the latter will govern its construction and effect. (*Manhattan Life Insurance Co.* v. *Johnson*, 188 N. Y. 108.) Even if the terms of the loan had been agreed upon in New York before the written instruments were actually signed and delivered, no conclusive inference can be drawn from that fact, that the intent to have the law of Rhode Island govern the validity and effect of the contract was merely an intent to evade our statute of usury. (*Seeman* v. *Philadelphia*

*Warehouse Co.*, 71 Supreme Court Reporter, 673.)   The intent to have the law of Rhode Island govern the construction and effect of a contract which in many of its essential features was to be performed in that State might well exist even if no statute of usury had existed here.   It cannot be said here that the form in which the transaction was clothed was merely a means or subterfuge for the accomplishment of an illegal act.   On this point we agree with the findings and conclusions of the Appellate Division.

We are of the opinion that after the court decided that the construction and the legal effect of the note and the assignment, as collateral security, of the defendant Van Rensselaer's interest in the trust fund created under the will of Frances M. Hoyt are governed by the law of Rhode Island, and that the loan transaction is not rendered void by our statute against usury, it should not have made any further declaration of the extent to which the rights of the plaintiffs may be enforced in the State of Rhode Island.   Section 473 of the Civil Practice Act provides that the " Supreme Court shall have power in any action or proceeding to declare rights and other legal relations on request for such declaration whether or not further relief is or could be claimed, and such declaration shall have the force of a final judgment." In other jurisdictions where the courts possess similar power, there have been at times attempts to define the occasions when the courts may properly exercise the power conferred upon them.   (See *Guaranty Trust Company of New York* v. *Hannay & Co.*, 1915, 2 K. B. 536.)   We may not limit by judicial construction a power which the Legislature has conferred without limitation.   We may not define the bounds within which that power may be exercised, except as we find such bounds implicit in the statute, read in the light of established public policy.   The courts of this State may command only in matters where this State is sovereign.   The powers of our courts do not

extend beyond the territorial limits of the State, and our courts proceed with circumspection when they are called upon to give command even to a party whose person is subject to our own jurisdiction, if such command might possibly conflict with the sovereign power of another State. (*N. F. I. Bridge Co.* v. *Grand Trunk Ry. Co.*, 241 N. Y. 85.) The same considerations which limit the courts of equity in their determination of where they can or should give commands which may have effect beyond the territorial limits of our State must likewise limit them in their determination of when they can or should make a declaratory judgment which would have similar effect. Such limitations may not be disregarded in spite of the general language of the statute.

In the present case the Appellate Division has declared the extent to which the courts of Rhode Island will enforce the contract of loan. We may assume that the decisions of the courts of Rhode Island show, as the Appellate Division has found, that under the laws of Rhode Island parties may by agreement fix any rate of interest, but that a court of equity will give relief against a contract which fixes a rate of interest which is unconscionable. When appeal is made to our courts for relief in a matter of which they have jurisdiction, they may, of course, determine as a question of fact what is the law of a foreign jurisdiction and then decree relief in accordance with the law so found. Here, after the Supreme Court has determined that the plaintiff is the owner of the note, and has a lien upon the interest of Van Rensselaer in the property in Rhode Island, it can grant the plaintiff no further relief. The plaintiff's rights to such property are not merely determined by the law of Rhode Island, but can be enforced only in the courts of Rhode Island. Only by resort to the courts of that State may the lien upon the property in Rhode Island be foreclosed. The defendant Van Rensselaer has not asked the Supreme Court for relief against a contract

which he claims is unconscionable or for a declaration
that he has a right to redeem his interest in the property
assigned as collateral security for the note, upon payment
of the principal of the loan with six per cent interest.
We do not pass upon the possible effect of a prayer for
such a judgment.   When in this action the court declared
that the plaintiff's lien upon property in Rhode Island
under the laws of that State was enforcible to the extent
of the principal and six per cent interest only, its declara-
tion, according to the statute, had " the force of a final
judgment," yet the plaintiff must still resort to the
courts of Rhode Island for the enforcement of the lien
we have declared.   Until then the declaratory judgment
would be without· practical effect.   If our courts had
declared that· the lien of the plaintiff was, under the
laws of Rhode Island, enforcible in accordance with the
rate of interest fixed by the contract, such declaration
could hardly fetter the conscience or the powers of a
court of equity in that State when called upon to enforce
the lien upon property situated in that sovereignty.   It
might still determine that it would not lend its power
to the enforcement of a contract which it believed was
unconscionable.   We infringe upon the exclusive juris-
diction of courts of Rhode Island if we assume to dictate
to them the extent to which they should enforce a lien
upon property within that State.   If that is the purpose
and effect of the declaration made in this case, then it
would seem clear that such a declaration should not
have been made.

It may perhaps be said that the purpose and effect
of the declaratory judgment is not so much to bind the
courts of the State of Rhode Island in the determination
of the extent to which they may enforce a lien on property
within that State as to preclude the parties from again
litigating in that State an issue already determined here.
Even if that be the result of the judgment rendered in
this case, the fact still remains that the courts here have

determined that issue without any purpose of granting relief here, and not as part of a declaration of " rights " which may be made effective here without resort to the courts of a foreign sovereignty, or of " legal relations," with consequential result here between persons within the jurisdiction of our own courts. The plaintiff's rights against the property in Rhode Island are rights *in rem.* They can be enforced solely by the courts of Rhode Island. The Supreme Court has been asked to declare what the plaintiff's rights are. It has not been asked by the defendant Van Rensselaer to declare any rights he may have to redeem or kindred rights. The declaration of the extent to which the courts of Rhode Island will enforce the plaintiff's rights has no purpose or effect, unless it be to remove to the courts of this State an issue which is properly determinable in an action to enforce rights *in rem* of which the courts of Rhode Island have exclusive jurisdiction.

If the courts of one jurisdiction have the power to declare rights which can be made effective only by appeal to the courts of another sovereignty, it is a power which in the interests of comity must be sparingly exercised. (*British South Africa Company* v. *Companhia de Mocambique,* 1893 App. Cas. 602.) Perhaps where question of the law of this jurisdiction may be the determinative factor in an action in a foreign jurisdiction, our courts might declare the law of this jurisdiction as an aid to the foreign court. (*The Manar; Northern Trust, Ltd.,* v. *Strachan Bros.,* 89 L. T. [N. S.] 218 [1903].) Doubtless there may be other circumstances where a declaration of legal rights here might serve a useful purpose, though enforcement of these rights might rest exclusively in the courts of another jurisdiction. We do not now decide whether power to make such a declaration exists, and if so, its possible limitations. We decide only that even if the courts of this State have the power to declare rights arising under a foreign law and enforcible

only by the courts of a foreign jurisdiction, it was error to exercise that power in this case for the purpose of determining in advance the action which the conscience of the court of equity of Rhode Island should dictate it to take when appeal is made to that court.

The judgment should be modified by striking out from the judgment all reference to the extent to which the plaintiff's lien is enforcible, and, as modified, affirmed without costs.

CARDOZO, Ch. J., POUND, KELLOGG and O'BRIEN, JJ., concur; CRANE and ANDREWS, JJ., dissent.

Judgment accordingly.