WESTCHESTER MORTGAGE COMPANY *vs.* NEWPORT TRUST COMPANY.

July 1, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is a bill in equity to enforce a claim against a trust fund, in the possession of respondent, the net income from which was payable to Mrs. John K. Van Rensselaer during her life and upon her death the principal was to be given absolutely to her son John A. Van Rensselaer.

Respondent filed an answer in the nature of a cross bill of interpleader stating that three other persons claimed said trust fund, and praying that all persons claiming said trust fund be required to interplead. Said persons filed answers setting forth their claims to said trust fund. These persons did not dispute the claims of each other but denied complainant's right to any portion of said trust fund. Hereafter these three persons will be referred to as the respondents. After a full hearing, upon the agreed issues of fact, by a justice of the Superior Court, decision was rendered granting complainant a first lien upon said trust fund for a portion of its claim and allowing the claims of the respondents. Final decree was entered in accordance with this decision. Each party, except the Trust Company, has appealed from said decree.

The main issue in this case is the amount which should be allowed complainant out of said trust fund on account of its ownership of a note, a copy of which is as follows:

"$14,000.    NEWPORT, R. I., May 28, 1906.

One year after date, for value received, I promise to pay to James J. Phelan, or, order, Fourteen Thousand no–100 dollars, with interest thereon at the rate of ten per cent per annum, payable quar-

terly, in advance, until said principal sum is paid whether at or after maturity all instalments of interest in arrears to bear interest at the rate aforesaid until paid. Payable at Newport Trust Company, Newport, R. I.

JOHN A. VAN RENSSELAER."

Phelan loaned Van Rensselaer the $14,000 evidenced by the note and received from him the quarterly interest due thereon to August 28, 1907. September 15, 1907, Van Rensselaer paid $50 on account of interest and paid nothing thereafter.

Contemporaneously with the execution and delivery of said note Van Rensselaer executed and delivered an assignment of all his interest as remainderman in said trust fund to said Phelan and said parties executed an indenture which declared that said assignment was to be held as security for the payment of said note.

Mr. Phelan died in 1908 and December 12, 1924 his executors·sold and transferred the note and assignment to complainant for $8,500.

August 5, 1925, complainant filed its bill of complaint in this case. The trial of this case was delayed on account of the pendency of an action previously commenced by complainant in the Supreme Court of the State of New York against the Phelan executors and heirs, Mrs. John K. Van Rensselaer, John A. Van Rensselaer and the interests represented by the present respondents, asking for a judgment declaring complainant to be the owner of the said trust fund, bequeathed to said John A. Van Rensselaer and that it had a lien upon said trust fund prior to that of the other respondents. This action was contested by the Phelan heirs, who challenged the validity of the sale of the note and collateral for a grossly inadequate consideration, and by John A. Van Rensselaer who contended that the note was void for several reasons, one of which was that the note was based upon an unconscionable contract. The Supreme Court sustained this latter contention and ordered judgment

entered dismissing the action on its merits. Upon appeal to the Appellate Division of the Supreme Court of New York, this judgment was reversed and judgment ordered entered upholding the loan transaction to the extent of enforcing the payment of the principal of the note with simple interest. The Court of Appeals modified this judgment by striking out all reference to the extent to which complainant's lien is enforceable as the judgment infringed upon the exclusive rights of the courts of Rhode Island to say to what extent complainant could enforce its lien upon property within that State. *Westchester Mortgage Co.* v. *Grand Rapids & I. R. Co.*, 213, N. Y. S. 593; 219 N. Y. S. 695; 246 N. Y. 194.

After final judgment had been entered in said action in the State of New York respondents filed amended answers.

The issues of fact raised by the pleadings in this case were (1) whether the note, assignment and agreement between Phelan and Van Rensselaer was usurious, oppressive, unreasonable, unconscionable or deceptive and (2) whether complainant was entitled to a lien upon said trust fund by reason of its ownership of said note, with interest thereon at the rate of ten per cent per annum, from September 10, 1907, computed quarterly in advance, each instalment of interest to bear interest at the same rate. Respondents contend that complainant was not entitled to a lien for more than the $8,500 paid for the note with simple interest at the rate of six per cent. The trial justice found that the note was unconscionable and oppressive and allowed complainant a first lien upon the trust fund for $14,000 with simple interest, at the rate of six per cent per annum from September 10, 1907, and decree was entered accordingly. Complainant and the respondents now claim that said decree is contrary to law and equity and good conscience.

The Court of Appeals of the State of New York, in finally disposing of complainant's action (246 N. Y. 194, 201), said that, if the Supreme Court of New York had declared complainant's lien enforceable in accordance with

the rate of interest fixed by the contract, such declaration could hardly fetter the conscience or the powers of a court of equity of Rhode Island when called upon to enforce the lien upon property situated in that State. It might still determine that it would not lend its power to the enforcement of a contract which it believed was unconscionable and held that it was error to determine in advance the action which the conscience of the court of equity of Rhode Island should take when appeal was made to it. Thus the matter of the "extent" to which complainant's lien was enforceable was left to the conscience of the court of equity of this State.

■ Complainant was not entitled, as a matter of right or equity, to have the full amount of its claim for a lien upon the trust fund allowed by the Superior Court sitting in equity. The amount of the lien was to be fixed by the sound judicial discretion of the trial justice based upon the facts and circumstances appearing in evidence. We have repeatedly held that the findings of fact of a trial justice are of persuasive force and will not be reversed by this court unless they appear to be clearly erroneous.

■ It appears in evidence that May 28, 1906, when Phelan made the loan to Van Rensselaer, both parties were residents of New York city. The law of that State then limited the rate of interest on loans to six per cent per annum and provided penalties for its violation. To avoid violating this law the parties purported to make the loan at Newport. Van Rensselaer never paid any interest on the note after September 15, 1907. Mr. Phelan died in 1908 and his executors did nothing with the $14,000 note until December 12, 1924, when they sold it to complainant for $8,500. At that time recovery on the note had been barred by the Statute of Limitations for many years.

Van Rensselaer died before final judgment was ordered entered by the New York Court of Appeals. The record of his testimony, as given in the trial of complainant's action in the Supreme Court of that State, was introduced by the respondents at the trial in the Superior Court. In

reference to Van Rensselaer's testimony, the trial justice of the New York Supreme Court said: (213 N. Y. S. 598) "There was nothing in the testimony, appearance, or manner of Van Rensselaer to suggest that he was testifying falsely."

Complainant objected to the admission of Van Rensselaer's testimony and now claims its objection under its reasons of appeal. Complainant takes nothing by this objection as the testimony was admissible. Van Rensselaer was a party defendant to complainant's action in the New York Supreme Court. His defense included the Statute of Limitations and that the transaction between him and Phelan was usurious and unconscionable. Complainant had an opportunity to cross-examine Van Rensselaer. The note, having been purchased by complainant long after it became due, was subject to any defense available to the maker.

The testimony of Van Rensselaer relates to the facts and circumstances attending the making of his contract with Phelan and his attorney out of which arose the note and assignment involved in this case. From his testimony and the other evidence the trial justice concluded that the contract was unconscionable and oppressive. Having arrived at this conclusion, it was necessary for the trial justice to determine the amount or extent of the lien, if any, to be given to the complainant on said trust fund.

Respondents argue that complainant should not be allowed a lien for more than the $8,500 it paid for the note with interest at the rate of six per cent per annum. While this argument is plausible it is not sustained by authority and cannot be allowed.

At the trial in the Superior Court complainant's attorney refused to state the amount claimed to be due upon the note. Respondents' attorney submitted a statement showing that, according to complainant's theory of computing the interest, its claim amounted to $72,373.75. Such a claim might well "shock the conscience" of the court and we are not surprised that the trial justice quoted from *Brown* v. *Hall*, 14 R. I.

249: "Such a note grows like a banyan tree, generating a new stem every month, (quarter) until it becomes an interest bearing forest, incessantly multiplying and accumulating its increments."

We have carefully read and considered the evidence and it does not appear to us that the trial justice erred in finding that the contract between Van Rensselaer and Phelan was unconscionable and oppressive. In the circumstances disclosed by the evidence the court did not err in entering a decree allowing complainant a first lien upon the trust fund for $14,000 with simple interest at the rate of six per cent per annum. Having arrived at this conclusion the other reasons for the appeals become immaterial.

The appeals are denied; the decree appealed from is affirmed and the cause is remanded to the Superior Court in the county of Newport for further proceedings.

*Moore & Curry, Jonathan Holden,* for complainant.

*Burdick & MacLeod,* for Newport Trust Company.

*Hinckley, Allen, Tillinghast & Phillips,* for all other respondents.

*Charles Rush,* for Hurd respondents.

*Barry, Wainwright, Thacher & Symmers,* for Kennedy respondents.

*Godfrey & Marx,* for Van Rensselaer respondents.

*Arthur M. Allen, Herbert Barry, Aaron H. Marx, W. Harold Hoffman,* of counsel.