GERTRUDE M. BROOKMAN, Plaintiff, *v.* JAMES M. BROOKMAN, Defendant.*

Supreme Court, Special Term, New York County, January 28, 1937.

*Wilbur E. Dow, Jr.,* for the plaintiff.

*James M. Brookman,* defendant in person.

COTILLO, J. The plaintiff and defendant in this action were married on March 17, 1931, and resided in the State of New York until April, 1934. Prior to April 9, 1934, the defendant, under the alias of Thomas Murphy, was arrested in Bronx county charged with the crime of burglary in the third degree and was arraigned before the Hon. LESTER W. PATTERSON, county judge of that county. On his arraignment the defendant pleaded guilty to the crime as a second offender and was sentenced to State prison for a term of fifteen years to life. He is at present confined to the State prison at Attica. The defendant, filing an answer by mail to the

* See, also, *Jones* v. *Jones* (249 App. Div. 470).

plaintiff's complaint, denies none of the allegations as stated above, but merely sets forth a claim that when he actually serves ten years of his sentence he will be eligible for parole, and as there seems very little probability of his serving a life sentence, his wife is not entitled to any marital relief.

The plaintiff, wishing to remarry, fears that the defendant might be pardoned or paroled and cause shame and embarrassment to her and her new husband, who refuses to be satisfied that she is free to remarry, and she has instituted this action seeking a declaratory judgment that she is no longer the wife of the defendant, and permitting her to resume her maiden name. The present motion is by plaintiff for judgment on the pleadings. This motion must be granted. Section 511 of the Penal Law provides that " a person sentenced to imprisonment for life is thereafter deemed civilly dead," and under the Domestic Relations Law, section 6, " a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless either (1) * * * (2) such former husband or wife has been finally sentenced to imprisonment for life."

The plea of guilty and the imposition of sentence upon that plea is a final judgment. (*Matter of Gargan* v. *Sculley*, 82 Misc. 667.) The mere fact that before the expiration of his term the prisoner might be paroled is not a remission of his maximum term, nor does it act as a pardon and restore him to his civil rights. As is aptly said in *Matter of Gargan* v. *Sculley* (*supra*): " A release upon parole under the statute is a matter of mercy and of favor; under certain conditions the prisoner is permitted his liberty, but upon certain terms, and he is subject, for violation of law or his parole, to summary arrest upon warrant and reconfinement under the original conviction and sentence; it is not a remission of the maximum term of his sentence."

A person thus sentenced for life is civilly dead, and, being deemed civilly dead, his wife, if she so elects, can consider her marriage ended and remarry as if she was actually a widow. Even if the prisoner obtained a pardon rather than a parole, the situation would not be changed. The Legislature in its wisdom, in order to protect the innocent spouse of a person convicted and sentenced to life imprisonment, has enacted section 58 of the Domestic Relations Law, which provides that the pardon of a person so sentenced " does not restore that person to the rights of a previous marriage." In view of this provision it cannot be held that a parole would grant the prisoner greater rights than a pardon.

Plaintiff's motion is granted. Settle order.