HENRY A. GREENE *vs.* RHODE ISLAND HOSPITAL TRUST
COMPANY, *Ex. et al.*

MARCH 1, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is a suit in equity in which, after a hearing on bill, answers, replications and proof in the superior court, a final decree was entered by that court dismissing the bill of complaint.   From the entry of that decree, the complainant has duly appealed to this court.

By his bill the complainant is seeking to have a trust charged for his own benefit upon the remaining assets of the estate of one Angeline E. Cook, which assets he alleges are now, with others, in the hands of the respondent the Rhode Island Hospital Trust Company as executor and trustee under the will of Bertha L. Greene, so that it may be ordered that one half of such remaining assets be paid over to him outright.   The other two respondents, E. Maude H. Hendrick and George William Greene, are beneficiaries under the last-mentioned will.   The complainant's claim of a trust in his favor is based, according to the allegations of his bill and to evidence introduced by him in their support,

upon an alleged oral agreement made between Angeline E. Cook and Bertha L. Greene just prior to the drawing of the former's will, which agreement, it is contended by the complainant, was carried out and performed by the said Angeline E. Cook. This alleged agreement in substance was that if she would leave practically all of her estate to Bertha L. Greene, then the latter at her death would devise to the complainant and to George W. Greene equally, all of the estate of Angeline E. Cook which then remained in the possession of said Bertha L. Greene.

The record herein discloses certain facts which are not disputed. The complainant and George W. Greene are nephews, and Bertha L. Greene was a niece, of Angeline E. Cook. The latter was approximately eighty-one years old when she executed her will on July 24, 1925, and over eighty-four years of age when she died December 21, 1928. By the terms of her will, her entire estate, subject to the payment of debts; was left to Bertha L. Greene, with the exception of a legacy of $300 to the complainant. On January 29, 1935, Bertha L. Greene died, leaving a will dated March 8, 1930. Her estate consisted of both realty and personalty, the latter amounting to upwards of $14,000 and including certain items which had come to her from Angeline E. Cook. By her will Bertha L. Greene gave her property, after the payment of debts, in part to E. Maude H. Hendrick, a close friend with whom she had lived for many years, and in part to the Rhode Island Hospital Trust Company, as trustee for the benefit of her brother, George W. Greene, for life, with remainder over at the termination of the trust. The complainant was not mentioned in her will. By reason of an accident which caused an injury to his spine, George W. Greene has for many years been unable to support himself or even do much work. He lived with and was taken care of by his sister, Bertha L. Greene, until her death.

The respondents do not contest the position taken by the complainant that equity will, under certain circumstances,

grant relief when a testator has been induced to make a will in a particular manner by an oral promise on the part of a legatee that the legacy will be devoted or applied to a certain lawful purpose. See *Industrial Trust Co.* v. *Colt,* 46 R. I. 319, and cases cited. It has been held by this court, in the above case, that in order to obtain relief in a proceeding similar to the present one, a complainant must support his claim by clear and convincing evidence. The respondents, however, do contend that the trial justice is correct in his finding that the complainant has failed to prove the allegations of his bill, and especially the making of any such promise as is alleged therein. The issue in the instant case, therefore, is entirely one of fact.

The complainant sought to prove the making of the alleged agreement between Angeline E. Cook and Bertha L. Greene by his own testimony and by that of one other witness, who by her own statement expressed a desire to see the complainant succeed in this litigation. The complainant, without objection, testified in substance that several times his aunt, Angeline E. Cook, told him about her agreement with Bertha L. Greene concerning the disposition of the former's estate, and that after Angeline E. Cook had died, his sister, in speaking about their aunt's will, told him about the agreement and said that it would be carried out, and therefore, he did not contest the probating of the will. Complainant's witness, who was also a witness to Angeline E. Cook's will, testified substantially that, at about the time that will was executed, the testatrix told the witness about the understanding with Bertha L. Greene concerning the ultimate disposition of Angeline E. Cook's estate. The complainant and the last-mentioned witness both testified that the relations between Angeline E. Cook and the complainant, were friendly.

As Angeline E. Cook and Bertha L. Greene had died, it was not possible to present their testimony to the court concerning the existence or the nonexistence of the alleged

agreement relied on by the complainant. For the purpose of showing that Bertha L. Greene was not the type of person who would make such an agreement as was attributed to her by the complainant, or who would fail to carry out such an arrangement if she had actually bound herself thereto, the respondents introduced evidence under the provisions of general laws 1923, chapter 342, sec. 55, which is as follows: "In any action brought against an executor or administrator for the recovery of money, supported by oral testimony of a promise or statement made by the testator or intestate of the defendant, evidence of statements, written or oral, made by the decedent, memoranda and entries written by him, and evidence of his acts and habits of dealing tending to disprove or to show the improbability of the making of such promise or statement shall be admissible."

A number of witnesses testified to the fact that for a great many years Bertha L. Greene had been a teacher in the public schools of Woonsocket, that she was a fine woman, lovable, honorable and of high character, that she was interested in her family and especially in George because he needed financial aid, and that she had cared for and helped to support her mother, uncle, and aunt in their last sicknesses. In addition, the respondent E. Maude H. Hendrick testified that Angeline E. Cook spoke affectionately of Bertha L. Greene, and also was concerned about the future of her nephew George, and that Bertha L. Greene answered her by often stating that she would take care of him. This last witness, and an officer from the bank, who read the will of Bertha L. Greene in the presence of those interested, following her funeral, both testified that the complainant on that occasion made no statement concerning the will, nor did he criticize its provisions in any way.

Further, the record showed that the complainant's claim in its present form was first made when the instant suit was started about ten months after the death of Bertha L. Greene, although he did claim an appeal from the probate

of her will, which appeal, however, he did not perfect. There was also evidence on behalf of the respondents that the complainant had done little to help other members of his family, financially or otherwise, when they needed assistance. Additional evidence relating to the complainant's relations with Bertha L. Greene was introduced by the respondents.

Finally, they placed in evidence two letters written by the complainant shortly after the death of his sister, Bertha L. Greene. The respondents contend that these letters show clearly that, at the time they were written, the complainant made no claim that his sister was under any contractual obligation to leave him by her will one half of the estate of Angeline E. Cook then remaining; that his conduct at that time tends to contradict his present claim; and that his position now is not consistent with the one taken by him when he wrote said letters. They were written by him on February 3, 1935 to his brother George and on February 14, 1935 to E. Maude H. Hendrick.

In the former letter, after stating that he had been regarded by all his family as a black sheep ever since he left home, the complainant used the following language: "I feel that Bertha should have left me at least $1000 in her will and not handicapped yourself or Maude. Now I feel you and Maude should be willing to do something for me soon."

In the second letter, after stating that it was a severe blow to him that his sister had not mentioned his name in her will, he wrote as follows: "I was very confident my sister Bertha could and should have left me a reasonable sum of money in her will and then my brother George would still be able to live very comfortably through his remaining days of his life. . . . I would be glad to call at #38 Highland street later when highways are more passable and go over the conditions and perhaps have a better understanding. I am not looking to make any trouble, simply

trusting we may come to a very friendly understanding. . . . .."

On this state of the record it became necessary for the trial justice in arriving at his decision to pass upon the credibility of witnesses, to weigh the evidence, to consider its probabilities and to draw from it reasonable inferences. These steps the trial justice apparently took when he rendered his decision at the conclusion of the hearing, after reviewing and considering the evidence in some detail. It is well settled that the findings of fact, based on conflicting evidence, of a trial justice in an equity cause are of great persuasive force, and will not be reversed by this court unless they appear to be clearly wrong. *Revens* v. *Berth,* 145 A. 441 (R. I.); *Westchester Mortgage Co.* v. *Newport Trust Co.,* 50 R. I. 263, 146 A. 774.

We have carefully considered the evidence in the instant case and do not find that the decision of the trial justice is clearly wrong or that it fails to do substantial justice between the parties. In a case of this kind the opportunity which the trial justice has, but which we do not have, of seeing and hearing the witnesses testify, is of great aid in weighing the evidence and in passing upon the credibility of the witnesses. In our opinion the evidence supports his decision. The complainant's own letters and the course of conduct followed by him after his sister's death furnishes strong evidence against the claim now made by him in the present proceeding.

As to undisputed facts and testimony this court has held, as the complainant urges, that it is in as good a position to draw inferences therefrom as is the trial court. *Stiness* v. *Brennan,* 51 R. I. 284; *Bagley* v. *Page,* 57 R. I. 186. However, in considering the undisputed facts and testimony as they appear from the record in the instant case, we draw no inferences therefrom which would make it necessary for us to hold that the decision of the trial justice was clearly erroneous.

Certain rulings by the trial justice on the admissibility of evidence, which were made over the complainant's objections, and which he has argued in connection with his appeal, have been examined, and we find that the correctness of the decision of the trial justice is not prejudicially affected by such rulings.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Wilson, Lovejoy, Budlong & Clough, Clinton G. Clough,* for appellant.

*James H. Rickard, Everett L. Walling,* for appellee.