George Eilperin, J.
This is a motion to dismiss the complaint in the within action upon the following grounds:
‘ ‘ 1. That it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action.
‘1 2. That the marriage contracted by and between the defendant Lamberto Cardosanto and the defendant Estelle Mikaliunas Cardosanto is valid in accordance with the laws of the State of Connecticut where said marriage was contracted and is therefore entitled to full faith and credit and is valid in the State of New York.
‘ ‘ 3. That the complaint fails to show an immediate and practical necessity for now seeking a declaratory judgment.
‘ ‘ 4. That plaintiff has an adequate remedy at law. ’ ’
The action is for a declaratory judgment brought by the plaintiff against her former husband and his present wife. The courts have held: “ The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judicially and with care. (Westchester Mortgage Co. v. Grand Rapids & I. R. R. Co., 246 N. Y. 194.) It is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action. The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. (Brownell v. Board of Education, 239 N. Y. 369; Sartorious v. Cohen, 249 N. Y. 31.) No limitation has been placed or attempted to be placed upon its use, and yet this main purpose underlies the exercise of discretion.” (James v. Alderton Dock Yards, 256 N. Y. 298,305.) The instant case falls within *499 the category enunciated in James v. Alderton Dock Yards (supra).
The court is further of the opinion that there is no adequate remedy at law for the plaintiff. The question of the validity of the second marriage is one of defense.
Accordingly, the motion to dismiss the complaint is denied. Settle order on notice.