Milton M. Wecht, J.
Plaintiff (husband) and defendant were married on October 9, 1930. Almost six years later, and *929 on May 11,1936, plaintiff was convicted of a crime and sentenced to death. The conviction was affirmed on appeal, but plaintiff’s death sentence was commuted to life imprisonment by the then Governor Herbert H. Lehman.
After serving 26 years of his life imprisonment, and on October 9, 1962, plaintiff was released on parole for the remainder of his natural life, for good behavior. Plaintiff then wanted to resume his marital relationship with his wife, who was still living and had not remarried, but she refused on the ground that by his imprisonment for life he was “ deemed civilly dead” (Penal Law, § 511, subd. 1); that a subsequent remarriage by her would not be vitiated (Domestic Relations Law, § 6, subd. 2) and that such sentence, ipso facto, liberates her from the relationship theretofore existing (Matter of Lindewall, 287 N. Y. 347).
Plaintiff now desires to marry another woman which he may do while on parole, but cannot do so “ without the prior written approval of the board of parole ” (Penal Law, § 511, subd. 1); but this section also provides that he may do so, if his marriage was ‘ ‘ terminated by divorce, annulment, or subsequent remarriage of a former spouse ”. None of these prerequisites exist, for his wife is still living and has not remarried, although she could have done so, nor does she want to re-establish her marriage relationship with this plaintiff.
This section in the Penal Law enables a wife to remarry as soon as her spouse is 1£ sentenced to imprisonment for life ’ ’ and she need do nothing more, since ‘ ‘ life imprisonment is ground for neither divorce nor annulment ’ ’ (Matter of Lindewall, 287 N. Y. 347, 356); she “ needs nothing more to indicate the termination of her marriage * * * than the legal proof of his conviction and sentence to life imprisonment ” (Wilder v. Wilder, 181 Misc 1059, 1060).
When these cases were decided in 1942 and 1943, there was no provision in either the Penal Law or the Domestic Relations Law which enabled a husband in similar circumstances to get any kind of relief. In 1952, there was added subdivision 3 to section 511 of the Penal Law (L. 1952, ch. 167) which (as amd. by L. 1953, ch. 176 and L. 1956, ch. 818) gave the right to a “person sentenced to imprisonment for life, while he is released on parole * * * to institute an action or proceeding in a court * * * with respect to matters other than those arising out of his arrest and detention”. Pursuant to this section, plaintiff brought this proceeding for a declaratory judgment to re-establish his existence; to pronounce a termina *930 tion of his marriage relationship with his wife, so that he may exercise the right given him under this statute and remarry.
The court is well aware that “ the statutory discharge from imprisonment * * # cannot restore the person thus discharged to his former marital rights” (Matter of Gargan v. Sculley, 82 Misc. 667, 670). However, in Matter of Lindewall (supra, p. 356) the court said that “ Some authorities have indicated that the marriage continues until the election of the innocent spouse to terminate it ”. In 1937, the Supreme Court of New York County in Brookman v. Brookman (161 Misc. 741) held that the innocent spouse, under similar circumstances would be entitled to a declaratory judgment, whereas, in 1942, in the Matter of Lindewall (supra) and in 1943 in Wilder v. Wilder (supra) the courts held that such a declaratory judgment for the innocent spouse was unnecessary. Now comes the plaintiff, on parole, who asks the court for a declaration of his rights. Can the court make such a declaration, when the wife has not remarried, and where there has been no divorce or annulment, as required by subdivision 1 of section 5 of the Penal Law?
The Lindewall case (supra) however, indicates that an election could be evidenced by the seeking of a declaratory judgment or by other acts. Since the same case rules out the declaratory judgment, are there presented other acts which would justify court action? The court feels that both the pleadings and the testimony indicate a definite election by the innocent spouse to warrant such action.
The complaint sets forth in substance all the pertinent facts. The answer admits these facts. The “Wherefore” clause in each pleading is identical reading “ (plaintiff)-(defendant) prays for a judgment declaring the marriage between the plaintiff and defendant terminated and that the plaintiff is no longer the husband of defendant and that the defendant is no longer the wife of plaintiff and that plaintiff is free to remarry ’ ’. Both sides have demanded in their prayer for relief the precise rights and other legal relations by a declaration of the court, in accordance with the requirement under the old rule 211 of the Rules of Civil Practice, now subdivision (b) of section 3017 of the Civil Practice Law and Rules. The proof adduced at the trial supported the allegations of the complaint as well as the answer.
The testimony of each of the parties disclosed the following:
By the plaintiff: “ Q Did she report to the parole officer that she was no longer your wife and that you were not her husband and she would not live with you? A Yes.”
*931 By the defendant: “ Q You still maintain that you are not going to cohabit with him or resume the marital relationship? A Bight.
“ Q And do you want this relationship terminated by an order of this Court? A Yes, I do.”
Thus it is apparent from the foregoing testimony that the facts are not disputed; that only questions of law are involved ; that the parties cannot avail themselves of other legal remedies; that the defendant, the innocent spouse, has made her election to terminate the marital status.
Does such an election warrant the issuance of a declaratory judgment? The general purpose of a declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations (Cardosanto v. Cardosanto, 14 Misc 2d 498).
As was said in Engel v. Engel (275 App. Div. 14, 16): “ An action for a declaratory judgment is one which, from its very nature, vests in the courts a certain amount of discretion. Particularly is the range of discretion -a broad one where it is sought to obtain, by way of declaratory relief, a judicial pronouncement concerning marital status ”.
The court is convinced that a declaratory judgment in this case will serve a practical purpose by stabilizing the disputed relations (Shapiro v. Nulife Garments Co., 270 App. Div. 121).
In view of the foregoing, the court will grant a declaratory judgment; that defendant by her answer and testimony has elected tq terminate the marriage relationship; that the plaintiff and defendant are no longer husband and wife; and that both the husband and wife are free to remarry.