OPINION OF THE COURT
Roger J. Miner, J.
Defendant moves for summary judgment dismissing the complaint on the ground that plaintiff is civilly dead. Although the court has not been favored with a copy of the complaint, it appears that plaintiff seeks a judgment of divorce in this action. A copy of the answer reveals that defendant counterclaims for divorce, custody of the children of the marriage, support for herself and her children and for the establishment of a constructive trust respecting jointly owned real property.
By judgment of the Supreme Court, Bronx County, on March 22, 1979, plaintiff was sentenced to an indeterminate term of imprisonment with a maximum period of life and a minimum period of 15 years for the crime of criminal possession of a controlled substance in the first degree. By the same judgment, plaintiff was sentenced to an indeterminate term of imprisonment having a maximum of life and a minimum of *1144 three years, upon his conviction of the crime of criminal sale of a controlled substance in the third degree.
A person sentenced to imprisonment for life is thereafter deemed civilly dead. (Civil Rights Law, § 79-a.) It is necessary only that the sentence carry a maximum of life imprisonment for a marriage to be considered void, as of the time of sentence, as a consequence of the statute. (1 Foster-Freed, Law and the Family, § 12:1.) A judgment declaring the marriage void is not essential, but serves a practical purpose by establishing a record of the dissolution of the relationship. (Matter of Lindewall, 287 NY 347; Zizzo v Zizzo, 41 Misc 2d 928; 11A Zett-Edmonds-Schwartz, NY Civ Prac, par 22.04, subd [3].)
Here, the plaintiff cannot maintain a divorce action, since the marriage of the parties is now void. Although plaintiff argues that he is entitled to prosecute an action in any court (Civil Rights Law, § 79-a, subd 2), this contention does not bear upon the issue in the case at bar.
Motion granted.