ALBERT J. FITZGERALD, as President of United Electrical, Radio & Machine Workers of America, an Unincorporated Association, et al., Respondents, *v.* NILES BEMENT POND COMPANY, INC., Appellant.

First Department, December 20, 1948.

*William P. Jones* of counsel (*Watson Washburn* with him on the brief; *Perkins, Malone & Washburn,* attorneys), for appellant.

*Arthur Kinoy* of counsel (*David Scribner* and *Arthur Kinoy,* attorneys), for respondents.

DORE, J. The sole issue surviving on this appeal is whether the New York Supreme Court in the exercise of its discretion should refuse to entertain jurisdiction of a controversy involving enforcement of a collective bargaining agreement made in Connecticut between defendant, the employer, whose plant is located in Connecticut, and a local union, all of whose members live and are employed under the contract exclusively in Connecticut.

Plaintiffs are Albert J. Fitzgerald, as president of United Electrical, Radio and Machine Workers of America, the parent union (herein " U. E.") and one Frank Powers, acting, as he claims, as secretary of Unity Lodge, Local 251, U. E. (herein " Local 251 ") and seven named members of the local on behalf of themselves and all other members similarly situated. All of the individual plaintiffs with the exception of Fitzgerald are residents of and have their employment in Hartford, Connecticut.

Defendant operates a large manufacturing plant at Hartford, Connecticut, employing there 1,600 employees whose working conditions and labor relations with defendant are covered by the contract in question and will be affected directly or indirectly by any court decree; all such employees live and work under the contract in Hartford, Connecticut. The collective bargaining agreement in question between Local 251, the union with headquarters in Hartford, and defendant, the employer, was made in Hartford, November 4, 1947, and expires January 1, 1949. Under its terms, defendant, as employer, recognized Local 251 as the sole collective bargaining representative for its employees. The contract governs wages, hours and other conditions of employment and provides for deduction of membership dues of U. E. members and remitting such dues to Local 251.

Another action involving the same contract and also for injunctive relief, between the parent union and Local 251, was previously instituted and is still pending in the Superior Court in the State of Connecticut. After proceedings in that action were had, this action was thereafter brought in the county of New York to obtain a temporary and permanent injunction and a declaratory judgment against defendant employer enforcing the Connecticut bargaining contract in plaintiffs' behalf, including specifically remitting to plaintiff U. E. Local 251 all " dues deduction payments " required to be made under the agreement. Plaintiffs' motion for a temporary injunction was denied; defendant then moved to dismiss pursuant to rule 107, subdivisions 2, 4 and 5 (no jurisdiction of subject matter; other action

pending [but not in a court of this State]; *res judicata*; and *forum non conveniens*). The motion to dismiss was denied on all the grounds specified. Defendant appeals.

The action is in equity; in addition to the specific grounds stated, the moving defendant also asked for such other and further relief as the court may deem just and proper. Assuming, therefore, that all the grounds specified under rule 107 *requiring* dismissal were correctly overruled by Special Term, a controlling issue survives: whether in equity, assuming the court has jurisdiction, the court in its discretion should refuse to entertain the action in view of the unusual state of facts presented.

William Lawlor, president of Local 251 at the time the contract was signed, states in an affidavit that following enactment of the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, § 141, *et seq.*), commonly known as the Taft-Hartley Act, the U. E. officers refused and still refuse to sign non-Communist affidavits required by the act to preserve the union's standing before the National Labor Relations Board. As a consequence, he avers that, in March, 1948, the members of Local 251, at a meeting duly called and held in Hartford, voted unanimously to assign the contract to United Automobile Aircraft and Agricultural Implement Workers of America Local No. 405 (herein "Local 405"), and also voted to disaffiliate from U. E. and affiliate with Local 405.

The ultimate issue in this action is the same as that raised in the Connecticut action, though not originally between the same parties, viz. — who is the real party to the collective bargaining agreement now entitled to enforce it on behalf of the union and its members in accordance with its terms. That issue essentially involves a jurisdictional dispute between two opposing labor organizations.

In the Connecticut action, U. E. did not join this defendant, the employer, although it could readily be made a party as it conducts its plant in Connecticut in which all the union members are employed; in New York it maintains only a sales office to handle foreign exports. In any event on May 1, 1948, Local 405 intervened in the action pending in the Connecticut State courts and interpleaded defendant in this action and all other necessary parties including the present plaintiffs so that a determination of all the issues therein will settle the rights of all parties.

The facts disclosed in this record distinguish this action from the usual use of New York courts by a New York resident. A different issue might be presented if this were merely an action

at law on contract or if it was impossible or even difficult for plaintiffs to serve defendant anywhere but in New York. In this case the very opposite is true. With the single exception of the president of the International Union, all plaintiffs, the defendant employer, the local union, and all its 1,600 members affected are in Hartford, Connecticut. The U. E. parent union, a plaintiff herein, also has an office and place of business in Hartford.

Jurisdictional issues relating to labor relations between employees and employers, all of whose labor activities under a collective bargaining agreement are conducted in a State different from that in which the action is brought, are comparatively new in the courts. If we assume, without deciding, that any injunctive decree would issue herein, full enforcement thereof may require suit in the Connecticut courts based on a New York judgment affecting labor relations in that State and possibly involving the police power of Connecticut. In the exercise of the equity powers of the court and without contraction of the rule respecting jurisdiction in contract cases, we think the court in its discretion should not entertain this action to restrain alleged violations of a collective bargaining contract, every aspect of which is contained between the borders of another State. The court may refuse to entertain this suit for reasons analogous to those on which it would not assume jurisdiction over the internal affairs of a foreign corporation (see *Langfelder* v. *Universal Laboratories,* 293 N. Y. 200). The controversy essentially relates to labor relations all of which exist entirely beyond the borders of the State of New York and are contained entirely within the borders of another State. The impact of the industrial strife and of any decree controlling controversies relating to this collective bargaining agreement doubtless would affect Connecticut police enforcement agencies (cf. *Bethlehem Steel Co.* v. *New York State Labor Relations Board,* 330 U. S. 767). In that case it was held that the question presented was of Federal cognizance, but there is an indication that if it were not, the State in which the employer has his manufacturing plant, and whose residents furnish exclusively the sources of the employer's labor supply, primarily should take jurisdiction.

In this action for a declaratory judgment the court in its discretion under rule 212 of the Rules of Civil Practice may decline to pronounce such judgment if in the judgment of the court the parties should be left to existing forms of action. The Court of Appeals in *Westchester Mortgage Co.* v. *Grand Rapids & Ionia R. R. Co.* (246 N. Y. 194, 199–200) held: " The powers of our courts do not extend beyond the territorial limits of

the State, and our courts proceed with circumspection when they are called upon to give command even to a party whose person is subject to our own jurisdiction, if such command might possibly conflict with the sovereign power of another State. (*Niagara Falls International Bridge Co.* v. *Grand Trunk Ry. Co.*, 241 N. Y. 85.) The same considerations which limit the courts of equity in their determination of where they can or should give commands which may have effect beyond the territorial limits of our State must likewise limit them in their determination of when they can or should make a declaratory judgment which would have similar effect. Such limitations may not be disregarded in spite of the general language of the statute.''

The so-called '' check off '' fund sought herein by plaintiffs is in Connecticut where it is now the subject of the interpleader action in that State.

Plaintiffs have cited no case in which the courts of this State in the exercise of their general equity powers have restrained violation of a collective bargaining contract all aspects of which are within the borders of a foreign State. This case is, accordingly, to be distinguished from cases decided in our courts in which every aspect of the collective bargaining contract was within the State of New York and affected the industrial peace and the police power of New York (*Triboro Coach Corp.* v. *Labor Relations Board*, 286 N. Y. 314; *Wolchok* v. *Kovenetsky*, 274 App. Div. 282; *Fur Workers Union Local No. 72* v. *Fur Workers Union, No. 21238*, 105 F. 2d 1, affd. 308 U. S. 522).

For the reasons stated without in any way passing on the merits, and restricting our ruling to the unusual state of facts here presented, we think the court in the exercise of its discretion should refuse to entertain this action.

The order appealed from should be reversed and defendant's motion to dismiss the complaint should be granted, with costs and disbursements to defendant-appellant.

PECK, P. J., GLENNON, CALLAHAN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted.