■ In the Matter of WILLIAM A. GANCI, Appellant, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, et al., Respondents.—Judgment unanimously affirmed. Memorandum: In this article 78 proceeding petitioner sought a hearing to determine whether the reasons given by the board of parole (board) in denying him parole were supported by substantial evidence. Special Term denied the application, without a hearing, and dismissed the petition. The issue before us on appeal is whether petitioner's application was sufficient to warrant a hearing. On October 29, 1968 petitioner was sentenced to a term of 10 to 30 years upon his conviction of robbery first degree, grand larceny first degree and assault second degree. He began service of that sentence on April 22, 1970 following parole from a prior sentence. Petitioner appeared before the board on September 16, 1975 and two days later he was notified in writing that parole was denied. Four reasons for such denial were stated. The board is charged with the duty of determining "what inmates * * * may be released on parole and when and under what conditions" (Correction Law, § 210). Petitioner alleges that he has had a "clean record and a good program" while incarcerated and "has acted in accordance with the rules and regulations set forth by the institution". We note, however, that "release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board of parole is of opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society." (Correction Law, § 213.) Actions of the board pursuant to article 8 of the Correction Law are deemed to be judicial functions and are not reviewable in the courts, if done in accordance with law (Correction Law, § 212, subd 10). "Thus so long as the Board violates no positive statutory requirement, its discretion is absolute and beyond review in the courts" *(Matter of Hines v State Bd. of Parole,* 293 NY 254, 257). In denying parole, however, the board must give to a prisoner the facts and reasons for such denial *(Matter of Festus v Regan,* 50 AD2d 1084; Correction Law, § 214, subd 6). Here, the petition fails to allege any violation of a statutory requirement by the board and good and sufficient reasons were furnished petitioner for the denial of parole. Petitioner improperly relies upon *United States ex rel. Johnson v Chairman, New York State Bd. of Parole* (363 F Supp 416, affd 500 F2d 925) in urging that due process requires judicial review to determine whether the reasons for denial of parole are supported by substantial evidence. There the District Court held only that a prisoner was entitled to reasons for the denial of parole and pointedly noted (p 419): "That does not mean that the Board must make findings of fact, and must comment on every item in the prisoner's file and relate it to the standards of the statute governing parole." Due process does not require judicial review of a denial of parole where sufficient facts and reasons for such denial are given to a prisoner (cf. *United States ex rel. Johnson v Chairman of New York State Bd. of Parole,* 500 F2d 925, *supra).* Furthermore, as noted by Special Term, there is no statutory authority for such a proceeding. (Appeal from judgment of Cayuga Supreme Court denying application in article 78 proceeding.) Present—Moule, J. P., Simons, Mahoney, Dillon and Witmer, JJ.