In the Matter of LOTTIE OLIVER, Petitioner, v ABE LAVINE, as Commissioner of the New York Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated October 16, 1974 and made after a statutory fair hearing, which reversed a determination of the respondent Commissioner of the New York City Department of Social Services to reduce petitioner's public assistance grant in order to recoup certain overpayments. Proceeding dismissed, without costs or disbursements, on the ground that the determination sought to be reviewed is not final (see CPLR 7801, subd 1). Insofar as petitioner seeks review of the $15 deduction from her assistance grant by the city commissioner, it appears that the said deduction was not effectuated by the determination under review and has not as yet been affirmed on the merits by the State commissioner. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

In the Matter of MARIA SANTIAGO, Individually and on Behalf of Her Minor Children and on Behalf of All Other Persons Similarly Situated, Appellant-Respondent, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, Respondent-Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the Commissioner of the New York State Department of Social Services, dated July 31, 1974, which, after a statutory fair hearing, affirmed an order of the Commissioner of the Rockland County Department of Social Services, which discontinued public assistance payments to petitioner for the benefit of herself and her two minor children, petitioner appeals (by permission) and respondent Lavine cross-appeals from a judgment of the Supreme Court, Rockland County, entered February 13, 1976, which, *inter alia,* (1) annulled the said determination of the State commissioner, (2) remanded the matter to the New York State Department of Social Services for a new hearing to determine the total sum of the resources which petitioner failed to utilize and (3) otherwise dismissed the petition. Permission for the taking of the cross appeal is hereby granted by Mr. Justice Hopkins. Judgment modified, on the law, by deleting therefrom the third and fourth decretal paragraphs and substituting therefor a provision that a hearing be held by the New York State Department of Social Services to determine the amount of petitioner's Federal and State income tax refunds for the tax year 1973 and the amount which respondents may recover from petitioner's share of her monthly grant of public assistance. As so modified, judgment affirmed, without costs or disbursements. On the record before us on this appeal, we are of the view that neither petitioner's automobile nor her option, which she declined, to take maternity leave at half pay, were available resources which should have been applied toward meeting the needs of herself and her two minor children. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.