■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGEL MELENDEZ, Appellant, v NEW YORK STATE PAROLE BOARD et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 19, 1976 in Ulster County, which dismissed petitioner's application. On petitioner's plea of guilty he was convicted of the crime of criminal possession of a controlled substance in the third degree and was sentenced on November 22, 1974 to an indeterminate term of one year to life. Pursuant to article 8 of the Correction Law, the Board of Parole conducted a hearing to determine whether petitioner should be paroled at the end of one year. The board denied parole to petitioner and determined he would be considered for parole in October, 1977. Petitioner commenced this proceeding by a writ of

habeas corpus, claiming that sections 212 and 213 of the Correction Law are unconstitutional. On petitioner's request and with the consent of all parties, the trial court vacated the writ, and entertained the proceeding pursuant to article 78 of the CPLR to review the board's determination and also as to a declaration in respect to the constitutionality of the pertinent sections of the Correction Law (CPLR 103, subd [c]). Special Term held that petitioner was granted a hearing which complied with the provisions of the Correction Law and which satisfied the requirement of due process of both the New York and United States Constitutions and dismissed the petition. On this appeal petitioner claims that his parole hearing fails to satisfy due process requirements on the grounds that (1) subdivision 10 of section 212 of the Correction Law prevents judicial review, (2) the board failed to supply petitioner with a statement of the criteria and reasons for denial of parole, (3) the hearing was inadequate and (4) one of the members of the panel of the board acted as interpreter at the hearing. We find no merit in petitioner's claims. Subdivision 10 of section 212 of the Correction Law provides that: "Any action taken by the board pursuant to this article shall be deemed a judicial function and shall not be reviewable if done in accordance with law." This section has been approved by our highest court as properly precluding judicial review as long as the board violates no statutory requirement (Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21; Matter of Hines v State Board of Parole, 293 NY 254). The record demonstrates that the board fully complied with the statutory requirements. After petitioner appeared before the board, and the board reviewed his entire record, the board denied release on parole and advised petitioner in writing of the facts and reasons for the denial (Correction Law, § 214, subd 6). The statute does not require the board to disclose its release criteria. Furthermore, the due process clause of the United States Constitution does not require the board to disclose release criteria (Haymes v Regan, 525 F2d 540). In Haymes v Regan (supra, p 543) the court said: "Although we agree with the view expressed in Johnson that a policy of disclosing release criteria would be desirable, and could aid in the review of parole decisions, we cannot conclude at this time that the failure to follow such a policy is a violation of fundamental due process." And in footnote 6 on page 543 it said: "Although the Board apparently observes certain release criteria in practice, it has not published them." Pursuant to sections 6-a, 6-c and 112 (subd 1) of the Correction Law, the board has adopted and published criteria for release, effective December 30, 1974 (7 NYCRR 1910.15) which adequately advises prisoners of the principal criteria for parole. Petitioner did not raise the issue at Special Term that a member of the board acted as interpreter for the board and, consequently, we cannot consider it on appeal. An issue not raised below will not ordinarily be considered for the first time on appeal (10 Carmody-Wait 2d, NY Prac, § 70:414). The judgment must be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.