In the Matter of FRANK WATKINS, Appellant, v FRANK L. CALDWELL, as Acting Chairman of the New York State Board of Parole, Respondent.

Fourth Department, September 24, 1976

*Carl Cannucciari* for appellant.

*Louis J. Lefkowitz, Attorney-General (Robert Contiguglia* of counsel), for respondent.

CARDAMONE, J. Appellant Frank Watkins, an inmate at the Auburn Correctional Facility, appeals from a judgment dismissing his article 78 proceeding in which he sought to be furnished with a written statement setting forth, in a meaningful manner, the reasons why he was denied parole by the respondent Parole Board.

Appellant is presently serving a sentence of two to four years following his conviction on September 13, 1974 for attempted arson, third degree. On October 14, 1975 the Parole Board denied appellant parole and served upon him three written reasons:

"1. Your criminal record upon which you have six convictions.

"2. Your serious narcotic addiction and alcoholic problem.

"3. The type of crime. Intentionally setting a fire in an occupied apartment building."

Appellant was ordered held for October, 1976 Parole Board consideration. He contends that the Parole Board's denial of parole accompanied by the above succinct three-sentence statement violates the due process guarantees of the United States and New York State Constitutions in that it fails to provide meaningful reasons and permissible standards and criteria for the denial of his parole.

Article 8 of the Correction Law empowers the board to determine "what inmates * * * may be released on parole and when and under what conditions" (Correction Law, § 210). Further, "release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board of parole is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society" (Correction Law, § 213). Regulations have been promulgated under subdivision 1 of section 6-a and subdivision 10 of section 212 of the Correction Law which set forth factors to be considered by the board in determining whether an inmate should be released on parole. These criteria are:

"(a) His previous criminal record; the nature and circumstances of the crime and his present attitude toward it; his attitude toward the police officer who arrested him, toward the district attorney who prosecuted him, toward the judge who sentenced him, and toward the complainant.

"(b) His conduct in the institution, his response to efforts made to improve his mental and moral condition, together with his academic, vocational and industrial training records; his character, capacity, mentality, physical and mental condition, habits, attitudes; the kind of work he is best fitted to perform and at which he is most likely to succeed when he leaves the institution.

"(c) The environment to which he plans to return.

"(d) The kind of employment, educational or other specified program secured for him." (7 NYCRR 1910.15.)

If the board determines to deny parole release to any eligible inmate, the statute charges the board with the duty to inform such prisoner in writing "of the facts and reason or reasons for such denial." (Correction Law, § 214, subd 6.)

The board need not disclose the quantitative weight assigned to each factor considered in order to satisfy due process; but, as a minimum safeguard against arbitrary action, "the statement of reasons should enable the reviewing body to determine whether parole has been denied for an impermissible reason, or indeed, for no reason at all. Although a trial-type hearing and detailed findings of fact are not required, such a statement must evidence the Board's consideration of relevant factors. *United States ex rel. Johnson v Chairman of New York State Bd. of Parole,* 500 F2d 925, 934. Moreover, it must provide the inmate with both the grounds for decision to deny him parole, and the essential facts from which the Board's inferences have been drawn" *(Haymes v Regan,* 525 F2d 540, 544).

Actions of the board pursuant to article 8 of the Correction Law are deemed to be judicial functions and are not reviewable in the courts, if done in accordance with law (Correction Law, § 212, subd 10; *Matter of Briguglio v New York State Bd. of Parole,* 24 NY 2d 21; *Matter of Hines v State Bd. of Parole,* 293 NY 254, 257; *Matter of Ganci v Regan,* 52 AD2d 1055; *People ex rel. Melendez v New York State Parole Bd.,* 53 AD2d 1004). The board must exercise its discretion when it denies an inmate parole release in conformance with the powers vested in it by statute and pursuant to its own previ-

ously noted published regulations. The board is further required to state the essential facts and reasons for its denial of parole so as to afford an opportunity for intelligent appellate review. Failure to meet these two requirements denies an inmate minimal due process and will result in a judgment directing the Board of Parole to perform its statutory duty *(Matter of Greene v Smith,* 52 AD2d 292, app dsmd 40 NY2d 901).

Plainly, our review of denial of parole must necessarily be decided on a case by case basis. Courts cannot substitutue their judgment for that of respondent Parole Board. On the other hand, courts have a duty to safeguard those due process rights accorded prisoners and will require the Parole Board to state in a meaningful manner the specific facts and reasons for denying parole *(Haymes v Regan, supra).*

Applying these principles to the facts before us on this appeal, we conclude that the board did not act arbitrarily or capriciously in denying appellant parole.

Concededly, the essential facts and reasons for the action taken were not as fully spelled out as we might have wished since they dealt primarily with appellant's history predating his present incarceration. As such, the proffered statement does not appear to be helpful as a guide to an inmate's conduct while in prison and in his endeavor to return to society as a useful citizen *(Matter of Cummings v Regan,* 45 AD2d 222, revd on grounds of mootness 36 NY2d 969). Nonetheless, we also recognize the fact that a prisoner's good conduct while in prison is not the sole criteria required to be considered by the board. The short length of imprisonment following the commission of a serious crime, coupled with appellant's drug history and the number of his previous convictions, persuade us that the board's statement is a reasonable exercise of its discretion and afforded an opportunity for intelligent appellate review. The reasons advanced were meaningful and constituted a valid prognosis of the incompatibility of the inmate's present release with the welfare of society, and consequently did not deny him minimum due process.

The judgment should be affirmed.

MARSH, P. J., SIMONS, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously affirmed.