■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISMAEL MIRANDA, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Habeas corpus is not the proper procedural vehicle for prisoners who claim that the board has not complied with subdivision 6 of section 214 of the Correction Law but we treat such petitions as CPLR article 78 proceedings. (Matter of Greene v Smith, 52 AD2d 292, app dsmd 40 NY2d 826; People ex rel. Ganci v Henderson, 54 AD2d 609 [Sept. 24, 1976].) Relator was denied parole on October 14, 1975 for the following reasons: "1. Past failures while under parole supervision. 2. While under supervision committing new serious crime. 3. Your extensive past criminal behavior. 4. Extensive past history of drug addiction." The reasons advanced are sufficient to comply with the standard set in Matter of Watkins v Caldwell (54 AD2d 42 [Sept. 24, 1976]). (Appeal from judgment of Cayuga Supreme Court—habeas corpus.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.

■ In the Matter of DOUGLAS VAN LUVEN, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously reversed and matter remitted to Supreme Court, Cayuga County, for further proceedings in accordance with the following memorandum: In this CPLR article 78 proceeding appellant alleges that he has been denied his procedural rights in various disciplinary proceedings against him. The court denied the petition without an answer being interposed by the State and without a hearing. In this court the State asserts that the administrative decision is not reviewable. We have held otherwise (Matter of Salinas v Henderson, 40 AD2d 939). The proceeding is remitted for an answer and for a hearing, if it appears that a question of fact exists as to whether the petitioner has been advised of the basis for disposition (see, particularly, 7 NYCRR 253.4 [b], [i] et seq.; see, also, Wolff v McDonnell, 418 US 539, 564). We have considered the other points raised by appellant and find them to be without merit. (Appeal from judgment of Cayuga Supreme Court—article 78.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.

■ In the Matter of JOHN WALTER EBBS, Appellant, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, Respondent.—Judgment unanimously affirmed. Memorandum: Petitioner was sentenced on April 28, 1966 to a term of not less than 20 years nor more than life imprisonment upon his conviction of murder, second degree. He was denied parole on September 16, 1975 for the following reasons: "1. Serious nature of the crime in which a 7 year old girl was sexually attacked and brutally murdered. 2. Negative aspects of psychiatric report. 3. Community opposition—namely District Attorney's report." He contends that the reasons given do not constitute a full and meaningful statement for the Parole Board's action. We disagree. The board may properly consider the nature and circumstances of petitioner's crime and his mental condition in determining whether he should be released on parole (7 NYCRR 1910.15). The reasons furnished petitioner, other than "community opposition", are sufficient to comply with the standard set forth in Matter of Watkins v Caldwell (54 AD2d 42 [Sept. 24, 1976]). (Appeal from judgment of Cayuga Supreme Court—article 78.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.