■    In the Matter of ROBERT J. BURSOR, Respondent, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered October 21, 1975 in Albany County, which granted petitioner's application, in a proceeding

pursuant to CPLR article 78, to annul on the ground that he had been dismissed without benefit of a prior hearing, respondent's determination discharging him from employment. On May 21, 1975 petitioner, employed by the Department of Audit and Control in a position in the competitive class of civil service, was suspended without pay because of his alleged "gambling activities conducted during working hours and on State premises." On that day he was also served with a notice of discipline in accordance with article 33 of the collective bargaining agreement between the State and the Civil Service Employees Association (CSEA), declaring that it was the intention of the department to dismiss petitioner for reasons of the misconduct stated, and setting forth in detail the activities engaged in by petitioner constituting misconduct. The notice of discipline stated that petitioner would be dismissed from employment on June 11, 1975 unless he filed a disciplinary grievance by June 10, 1975. Petitioner was also advised that the grievance procedure under the agreement with CSEA provides for a hearing by an independent arbitrator at its final stage, and that no penalty can be implemented, if petitioner objects, until the arbitrator's determination, unless he agrees in writing to the penalty or fails to file a timely grievance or appeal to arbitration. Thereupon, petitioner retained an attorney who wrote to Mr. Stanley Winter, Director of Agency Manpower Management of the department, informing him that he represented the petitioner in the disciplinary procedures instituted against him, and requested that a hearing be scheduled. Mr. Winter treated the attorney's letter as the exercise by petitioner of his right to a third step grievance under the agreement whereby a meeting with the department head is arranged for the purpose of affording an employee an opportunity to object to the imposition of the proposed penalty. Consequently, by letter dated June 5, 1975 Mr. Winter advised the attorney as follows: "I will be happy to meet with you and Mr. Bursor at a Third Step Grievance meeting. I can meet with you at 9:30 Friday, June 13, in my office on the Sixth floor of A. E. Smith State Office Building. If that time is not convenient for you, then I am available any day during the week of June 16 except Thursday, June 19." Although petitioner's attorney and Mr. Winter never reached an agreement as to when the third step grievance meeting was to be held, nor did they in fact ever meet, the petitioner received a third step decision stating that: "The agency's termination of Mr. Bursor is upheld as no evidence was offered at the meeting held on June 13 at 9:30 in the office of the undersigned. Neither Mr. Bursor or his attorney attended the meeting or offered any explanation for not appearing." This decision was not sent to petitioner's attorney, and upon learning of it, the attorney wrote Mr. Winter on July 2, 1975, explaining why he had been unable to appear at his office for the grievance meeting, and also advising him that petitioner intended "to pursue this grievance", and requested a fourth step grievance, an appeal to arbitration from the decision of the third step grievance upholding petitioner's dismissal. On July 8, 1975 Mr. Winter advised petitioner's attorney by letter that the time within which to file an appeal to arbitration had expired on July 7, the day before, and that it was his "feeling that the grievance had not been processed in a timely manner and that Mr. Bursor's termination is final, effective July 8." While we agree with the result reached by Special Term voiding petitioner's discharge, we do so for entirely different reasons. The critical issue is whether petitioner waived his right to appeal his dismissal to arbitration. It is clear that petitioner was terminated when he did not meet with Mr. Winter to formally object to his proposed dismissal. It is equally clear that no date was fixed or agreed upon as to

when the third step grievance meeting was to be held, and that no meeting was held on any date. Thus, there was no basis for the agency's termination of petitioner for the reason that "no evidence was offered at the meeting held on June 13 at 9:30" in Mr. Winter's office. Nor do we agree with respondent's contention that petitioner failed to file a timely appeal to arbitration. While petitioner did not execute or submit the form prescribed by the department, his attorney's letter of July 2, 1975 clearly states his intention to pursue the grievance procedures to their conclusion. In our view, therefore, petitioner was not afforded an opportunity to appeal to arbitration respondent's decision terminating his employment, in violation of article 33 of the collective bargaining agreement. Our recent holding in *Matter of Flemming v Cagliostro* (53 AD2d 187, mot for lv to app den 40 NY2d 806) is inapposite. The facts delineated here establish that petitioner attempted to avail himself of the grievance procedures, and it cannot be said that he waived his right to appeal to arbitration, as was the case in *Matter of Flemming*. It is well settled, however, that an article 78 proceeding is an inappropriate vehicle for the obtainment of the relief sought here, since petitioner has not exhausted his administrative remedies *(Matter of Flemming v Cagliostro, supra; Merante v Burns,* 47 AD2d 671). Since a proceeding to compel arbitration would be available to petitioner (CPLR 7503), and further since relief may be granted summarily where, as here, there is no dispute as to the facts, the petitioner is entitled to judgment as a matter of law (see CPLR 409, subd [b]; *Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.],* 18 NY2d 250; *Matter of Board of Educ. v City of Buffalo,* 32 AD2d 98). Judgment modified, on the law, by striking so much of the decretal provision affording petitioner a hearing in the matter, and substituting therefor a provision affording petitioner an opportunity to appeal to arbitration from the termination of his employment, and, as so modified, affirmed, without costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.