■ In the Matter of FRANK BROWN, Appellant, v CHAIRMAN OF THE NEW YORK STATE BOARD OF PAROLE, Respondent.—Judgment unanimously affirmed. Memorandum: Petitioner was denied parole on June 15, 1976 for reasons which were sufficient and meaningful as noted in *Matter of Watkins v Caldwell* (54 AD2d 42). (Appeal from judgment of Cayuga Supreme Court —art 78.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ WARREN BROTHERS COMPANY, Appellant, v FIDELITY & DEPOSIT COMPANY OF MARYLAND, Defendant-Respondent and Third-Party Plaintiff. MEMPHIS CONSTRUCTION, INC., et al., Third-Party Defendants-Respondents.— Order unanimously affirmed, with costs, on the opinion at Special Term, Aronson, J. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ In the Matter of JOHN CUSSEN, Appellant, v ENNIS J. OLGIATI, as Chairman, New York State Board of Parole, et al., Respondents.—Judgment unanimously affirmed on the ground that the reasons stated by the Parole Board for denying parole release at this time were meaningful and sufficient (see *Matter of Watkins v Caldwell,* 54 AD2d 42). (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ CECELIA H. SHIELDS, Respondent, v RUDY J. STEVENS, Appellant. (Appeal No. 1.)—Order and judgment unanimously affirmed, with costs. Memorandum: Plaintiffs properly commenced their actions based on instruments for the payment of money only, i.e., promissory notes, as motions for summary judgment in lieu of a complaint (CPLR 3213). Special Term granted the motions finding that defendant's affidavits, which alleged the same facts in each action, failed to establish substantial triable issues of fact. We agree. Execution of the notes and default in payment having been established by plaintiffs, and not being denied by defendant, it was incumbent upon defendant to come forward with proof of evidentiary facts showing the existence of a genuine and substantial issue *(Hall v Burke Steel Serv. Center,* 52 AD2d 735; *Badische Bank v Ronel Systems,* 36 AD2d 763; *Artistic Greetings v Sholom Greeting Card Co.,* 36 AD2d 68, 70; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 138, affd 29 NY2d 617). We find that defendant has failed to present sufficient evidentiary proof with respect to his allegations of fraud in making the notes and lack of consideration. Nor do we see how defendant's alleged sale of certain stock to plaintiffs for $12,000 is in any way related to or connected with the making of the promissory notes carrying debts of $35,000. Mere conclusory allegations without the presentation of any evidentiary proof to support a bona fide defense are insufficient to defeat a motion for summary judgment pursuant to CPLR 3213 (see *Mills v Ryan,* 41 AD2d 689, 690). (Appeal from order and judgment of Monroe Supreme Court—summary judgment.)—Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.