Raymond E. Aldrich, Jr., J.
Petitioner by way of a proceeding instituted under CPLR article 78 moves for an order setting aside the denial of parole to him on September 30, 1976 and December 2, 1976, ordering a new parole release hearing and meaningful written reasons of all relevant factors be furnished. In support of his petition, he alleges that he was denied parole on September 30, 1976 for the reasons "Serious consequences of instant criminal act. Reported police investigation supports the conclusion that victim was stabbed while helpless (lying prone). For that reason this panel doubts Mr. Strafford’s assertion that he acted to defend himself’; that at the time petitioner appeared before the board, the only questions directed at him related to the criminal act and none were directed at his rehabilitative efforts; that he appeared again before the respondent board on December 2, 1976 as a "special project case” and was again rejected for parole, although in this instance, no written reason was set forth for such denial; that the board has acted arbitrarily and not in the manner prescribed by law.
By the answer of respondent, the Attorney-General avers that the reasons set forth in respondent’s denial of parole dated September 30, 1976 comply with law; that his appearance on December 2, 1976 was part of an effort of accelerate release of inmates, presumably to alleviate overcrowding, and was not in fact a parole hearing, and that he was not therefore entitled to a written statement mandated by section 212 of the Correction Law as the only issue for respondent board to determine was whether petitioner was entitled to an "early release” prior to his next appearance in October, 1978.
By its decision dated September 30, 1976, the Parole Board expressed its opinion that petitioner was not yet sufficiently rehabilitated as he declined to acknowledge that he had committed an assault on a helpless person, asserting instead that he had acted in self-defense. While such a determination necessarily involves an evaluation of petitioner’s credibility as contrasted to the information documented in the police report, such an evaluation is one within the discretion of the Parole Board. Further, while the reason stated for denial of the Parole Board is inartfully stated, at best, it does inform the petitioner of the basis for its denial because of the seriousness *950 of the crime and the unwillingness of petitioner to appreciate the conduct for which he was convicted, and does meet those minimal tests required for such determinations (see Billiteri v United States Bd. of Parole, 541 F2d 938; Grossman v Hammock, USDC, EDNY Neaher, J., Feb. 10, 1977; Matter of Watkins v Caldwell, 54 AD2d 42).
Further, while petitioner devotes much of his moving papers toward documenting his rehabilitative efforts, these alone are not determinative upon the question of parole (Matter of Watkins v Caldwell, supra, p 45).
While the foregoing questions are dispositive with respect to the determination made by respondent on September 30, 1976, the remaining question that must be resolved is whether the determination of respondent board on December 2, 1976, without giving any reasons was valid. The Attorney-General states that the hearing then held was not a parole release hearing but rather a hearing to determine whether petitioner was to be considered for early parole release under a special program. As the provisions of section 214 of the Correction Law apply only to statutory parole hearings, and as the hearing on December 2, 1976 was one held pursuant to administrative ruling rather than pursuant to section 214 of the Correction Law, the standards of said statute are not applicable. It is noteworthy that the hearing on December 2, 1976 did not result in the denial of parole; rather only a denial of an acceleration of the parole date of October, 1978.
Petitioner’s objection that only one commissioner participated in the questioning has no legal significance, as three members of the Parole Board were in fact present in compliance with the Correction Law.
For the foregoing reasons, the article 78 proceeding is dismissed.