OPINION OF THE COURT
James B. Kane, J.
Petitioner-plaintiff anonymously instituted both a CPLR article 78 proceeding and an action for declaratory judgment against respondents-defendants. Petitioner-plaintiff and respondents-defendants agreed to delay any action on the merits until they received a judicial determination on the propriety of petitioner-plaintiff proceeding anonymously.
This court in June, 1978 determined that the New York Constitution and the Judiciary Law provided adequate means for review of the commission’s action such that a CPLR article 78 proceeding was inappropriate. Petitioner contends the court was not empowered to dismiss the article 78 proceeding prior to service of respondents’ answer which the parties agreed was to be delayed until after the issue of anonymity was decided.
The court disagrees with petitioner’s contention and feels it acted properly in dismissing the article 78 proceeding. CPLR 7801 provides in part:
"Except where otherwise provided by law, a proceeding under this article shall not be used to challenge a determination.
"1. which is not final or can be adequately reviewed by appeal to a court or to some other body or officer”.
The actions complained of by petitioner can be seen as *543 nonfinal administrative acts to which judicial review under article 78 will not lie. (Matter of Oliver v Lavine, 53 AD2d 616; Matter of Picel v Wells, 38 AD2d 632; Matter of Carville v Allen, 13 AD2d 866; Matter of Siegel v Managan, 258 App Div 448, affd 283 NY 557.)
Even if the actions complained of could be viewed as a final determination it is clear that the statutorily guaranteed review by the Court of Appeals provides petitioner with an adequate remedy such as to preclude the extraordinary relief requested (Matter of Bursor v Levitt, 55 AD2d 730; People ex rel. Melendez v New York State Parole Bd., 53 AD2d 1004; Matter of Markert v Wilson, 284 App Div 1086; Matter of Ryan v Hand, 258 App Div 912). In addition to grant the extraordinary relief requested would only serve to disrupt the constitutional and statutory scheme devised for the resolution of sensitive allegations of judicial misconduct.
This court in June, 1978 also determined that the sections of the New York Constitution and Judiciary Law that plaintiff asks this court to declare unconstitutional are entitled to a presumption of constitutionality. Only after a full hearing on the merits could the court determine if these sections were being applied unconstitutionally. In order to avoid repetition the full hearing should be conducted where all matters including the possible disciplining of plaintiff could be handled at once.
Plaintiff contends that the court was not empowered to dismiss a declaratory judgment action where the defendant has not moved to dismiss. The court disagrees; it has been held that whether the court decides to exercise jurisdiction in a declaratory judgment action or not is discretionary (Bareham v City of Rochester, 246 NY 140; Commission of Public Charities of City of Hudson v Wortman, 255 App Div 241, affd 279 NY 711).
The court may properly exercise its discretion in refusing to proceed to declaratory judgment when other remedies ensuring review are adequate (Gaynor v Rockefeller, 15 NY2d 120; Goodman & Co. v New York Tel. Co., 309 NY 258; Woollard v Schaffer Stores Co., 272 NY 304, amdt of remittitur den 273 NY 527; Fitzgerald v Niles Bement Pond Co., 274 App Div 499). In fact it has been held to be an abuse of the court’s discretion to entertain jurisdiction in a declaratory judgment action where another action between the same parties in which all the issues could be determined is actually pending *544 (Woollard v Schaffer Stores Co., supra; Latham & Co. v Mayflower Inds., 278 App Div 90).
Petitioner-plaintiff also asserts that where the parties have stipulated as to the exact dimension of an issue before the court on a motion the court is not empowered to disregard the stipulation and rule on an unrelated issue. The court again disagrees and does not share the petitioner-plaintiff’s categorization of the issue of jurisdiction as an unrelated issue. As respondent-defendant states it is well settled that the defense of lack of subject matter jurisdiction cannot be waived and that it may be raised by a party or by the court on its own motions at any stage of the action (CPLR 3211, subd [e]; Eckert v Eckert, 34 AD2d 684; 4 Weinstein-Korn-Miller, NY Civ Prac, pars 3211.09, 3211.10; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211, p 17). It is not within the power of the parties to confer jurisdiction on a court where none exists.
The court never reached the merits of petitioner-plaintiff’s actions since the court determined in its discretion not to exercise jurisdiction but rather to follow the New York Constitution and Judiciary Law and relegate petitioner-plaintiff to the designated forum.
For the reasons stated above the court denies petitioner-plaintiff’s motion asking the court to vacate its order dismissing the article 78 petition and the action for declaratory judgment.