■ In the Matter of MICHAEL COLACINO, Appellant, v BOARD OF TRUST-EES OF THE VILLAGE OF PALMYRA et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: We affirm for the reasons stated at Special Term. There is no need to determine that sections 95 through 106 of the Public Officers Law supersede section 22-2200 of the Village Law since the petition fails to allege an intentional failure fully to comply with the notice provisions required by article 7 of the Public Officers Law. An unintentional failure of notice is not grounds for vacating the village enactment (Public Officers Law, § 102, subd 1). (Appeal from judgment of Wayne Supreme Court—art 78.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. PAIGE, Appellant.—Judgment insofar as it imposes sentence unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to time served, and otherwise judgment affirmed. (Appeal from judgment of Jefferson County Court—assault, third degree.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT BROWN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, PAROLE BOARD DIVISION, Respondent.—Judgment unanimously affirmed. Memorandum: Relator was convicted in 1974 of manslaughter in the first degree and two counts of assault in the second degree. He was sentenced to concurrent indeterminate terms with maximums of 25 years on the manslaughter conviction and 7 years each on the assault convictions. He was denied parole on June 6, 1977 for the following reasons: "1. Seriousness of the offenses for which you are incarcerated, in which you without concern for anyone you shot and killed your wife while she was seated in a grand stand in a ball park, also injuring two innocent bystanders. It is not felt that justice would be served releasing you at this early date on a 25 year sentence. 2. There is a strong recommendation from the D.A. of Niagara County that you not be released at this time. 3. There is nothing in the record or official and professional reports provided to us, that would indicate that if you were released at this time your stability is such that you would not react violently." Although relator proceeded by writ of habeas corpus, it is familiar law that his proper procedural remedy is a CPLR article 78 proceeding. We thus convert the petition accordingly. Relator's claim that the reasons given do not constitute a full and meaningful statement for the Parole Board's action is without merit. The board may properly consider the nature and circumstances of his crimes as well as his mental and emotional stability. The board's statement, other than the reference to "a strong recommendation from the D.A. of Niagara County" (cf. *Matter of Ebbs v Regan,* 54 AD2d 611) satisfies the standard set forth in *Matter of Watkins v Caldwell* (54 AD2d 42; see *Matter of Jackson v Bombard,* 62 AD2d 1000). (Appeal from judgment of Orleans Supreme Court—article 78.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ RICHARD WRIGHT, Appellant, v SILVER SHORE CONSTRUCTION CO., INC., Respondent. ROSEMARIE WRIGHT, Appellant, v SILVER SHORE CONSTRUC-TION CO., INC., Respondent.—Judgment unanimously affirmed, without costs (see *Fey v Stengle,* 67 AD2d 831). (Appeal from judgment of Monroe Supreme Court—dismiss complaints.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.