■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK G. SPINK, Appellant. — Judgment unanimously affirmed. Memorandum: Although the accident which resulted in defendant's conviction under subdivision 2 of section 1192 of the Vehicle and Traffic Law occurred at 1:30 A.M., it was not unreasonable for the investigating officer to first call an ambulance and clear the intersection before arresting defendant in the hospital emergency room at 2:55 A.M. Therefore, the breathalyzer test was timely administered to the defendant at 3:55 A.M. (Vehicle and Traffic Law, § 1194, subd 1, par [1]). The record indicates that the detention of the defendant at the scene of the accident resulted not from the activity of the police, but from the fact that defendant required medical assistance (see *People v Porter,* 46 AD2d 307, 310; cf. *People v Brol,* 81 AD2d 739). Testimony of defendant's inebriated condition by the arresting officer, the breathalyzer test operator and the driver of the other vehicle in the accident was relevant on the issue of the validity of the test result and served to corroborate that the test was properly administered. (Appeal from judgment of Ontario County Court, Reed, J. — driving while intoxicated.) Present — Dillon, P. J., Callahan, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN T. PRICE, Appellant, v ROBERT J. HENDERSON, as Superintendent of Auburn Correctional Facility, Respondent. — Judgment unanimously modified and, as modified, affirmed, in accordance with the following memorandum: We convert this habeas corpus proceeding which challenges the computation of a 1961 sentence of imprisonment to a CPLR article 78 proceeding (CPLR 103, subd [c]; see *People ex rel. Miranda v Henderson,* 54 AD2d 611). Petitioner is entitled pursuant to section 70.40 (subd 3, par [c], cl [ii]) of the Penal Law to 209 days' credit for the jail time served between June 26, 1980 and January 20, 1981. The Attorney-General has submitted a copy of an amended parole jail time certificate under date of September 8, 1982 certifying petitioner's entitlement to this credit. Other issues raised on this appeal have been examined and found to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — habeas corpus.) Present — Dillon, P. J., Callahan, Green, O'Donnell and Schnepp, JJ.